Eastern Dist.
January, 1832.

**TRENCHARD vs. ELDERKIN.**

TRENCHARD
vs.
ELDERKIN.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

Where the clerk certifies the record incorrectly, the appellant may have a *certiorari* to correct the error.

A certificate from the clerk, that the foregoing thirty-two pages contains a full and complete transcript, does not authorise the Supreme Court to examine the case on its merits.

The judge cannot make out a statement of facts after the appeal is granted, nor can he after that time amend the record, by certifying to facts not taken down and placed on the record at the trial.

A witness on his *voire dire* may prove any fact, which will show him to be competent.

Facts necessary to the understanding of a bill of exceptions, must be made out at the trial and reduced to writing, or if there be documents filed with the clerk, the judge cannot certify them, months after the appeal is granted.

The plaintiff sued for a settlement of the accounts of a vessel, owned in partnership with the defendant, and the latter appealed from a judgment rendered against him. The grounds upon which a motion was made to dismiss the appeal, as well as the facts necessary to a full understanding of the case, are stated at large in the opinion of the court.

*Preston*, for appellant.    *Conrad*, for appellee.

*Porter, J.* delivered the opinion of the court.

*Where the clerk certifies the record incorrectly, the appellant may have a certiorari to correct the error.* The record of appeal in this case, is certified to in the following words: "I hereby certify, that the above and foregoing thirty-two pages, do contain a full and complete transcript of the record of the case, wherein John Trenchard is plaintiff, and George Elderkin is defendant." Signed, Jno. L. Lewis, clerk.

A motion was made to dismiss the appeal on the ground of the certificate not being conformable to law ; and the *586th and 896th articles of the Code of Practice*, were relied on in

support of the application. Whereupon, the appellant under the 898 *article*, of the work just cited, moved for, and obtained a *certiorari* to amend the record.

The judge returned to this writ, three books of accounts, and various documents, which were referred to in the defendant's bill of exceptions; and further stated, that these books, together with the evidence already certified, embraced all the matters on which the cause was tried in the first instance.

Notwithstanding this certificate, the appellee contends, that the merits of the case, cannot be inquired into.

Our law contemplates three modes, by which the merits of a cause may be examined in the Supreme Court. First, by a statement agreed on by the parties : second, on the record of the evidence, taken down by the clerk : and lastly, on a certificate of the judge, either in relation to the evidence given, or to the statement which he may be called on to make. *Code of Practice*, 586, 601—3.

The first mode was not attempted here, and the second was not pursued in the manner the law requires. *The* 896 *article, of the Code of Practice,* provides, that if the copy of the record brought up, be not duly certified by the clerk of the lower court, *as containing all the testimony adduced,* the Supreme Court, can only judge of such matter, &c. &c. The certificate of the clerk accompanying this record, is neither a compliance with the letter or spirit of this regulation. It affirms, "that the foregoing thirty-two pages, contain a full and complete transcript of the record in the case," and gives no assurance of the record, containing all the evidence given on the trial. For no matter how the trial was conducted, whether the whole, or a part, or none of the evidence was put on record, the certificate might be true. What the law commands, and what we of course must require, to pass on the merits of a cause, is not a full transcript of a record, but the conviction that such record contains all the matters and things on which the court of the first instance decided.

It is very clear then, that the certificate with which the record was first returned into court, in no manner enables us to examine the merits.

A certificate by the clerk that the foregoing thirty-two pages contains a full and complete transcript, does not authorise the Supreme Court to examine the case on its merits.

EASTERN DIST.
*January*, 1832.

TRENCHARD
*vs.*
ELDERKIN.

The Judge cannot make out a statement of facts after the appeal is granted, nor can he after that time amend the record by certifying to facts not taken down and placed on the record at the trial.

We have next to examine, whether that given by the judge on the *certiorari* obtained from this court, supplies the defect.

He states, that three account books which he sends up, contains all the evidence on which the case was tried in the first instance, save the evidence already certified. The certificate embracing this statement, was given on the second May, 1831. The appeal was granted on the fifth February, of the same year.

*The 898th art. of the Code of Practice*, is relied on to show this certificate is made in due time. This article declares that if at the time of the argument or before, the appellant perceives, that the copy is incomplete, *by the failure of the clerk to certify the record*, the court may grant him a reasonable time to correct the error. The error then, which existed in this case, may be corrected in any manner it can be legally done. It has been attempted here, through the certificate of the judge. The only case in which the judge is authorised to give a certificate, save when he makes a statement of facts, in conformity with the 603*d article of the Code of Practice*, is that provided for in the 586th article of the same work. It enacts "if the testimony produced in the cause has been taken in writing, and the records contain all the evidence produced in the suit, the judge shall certify at the foot of the records, that they contain all the evidence adduced by the parties ; otherwise he shall make a statement of facts, &c."

This article, then, very explicitly permits the judge to certify to those things which are of record in the suit ; and if there be any evidence introduced of which record is not made at the time of the trial, the Supreme Court can only act on it through a statement of facts agreed on by the parties, or by the judge if they disagree.

In this instance we have examined carefully the record, and we cannot find any averment the account books were produced in evidence and filed as proof in this cause, nor is there any means furnished in the books themselves, to enable us to ascertain they were the same as those read on the trial, if they were in truth so read. It is, therefore, not a case for the judge to certify.

It has been said there cannot be a doubt the judge has certified the truth. No doubt of this; but we cannot act on moral evidence; it must be legal. And if it does not come before us in the mode the law requires, we are not permitted to deprive the appellee of the benefit of the judgment obtained below.

In this opinion it is seen, the time at which the judge has made the certificate has not entered into our consideration. A statement of facts we have decided cannot be drawn up by him after the appeal is granted. Whether he may not certify to all the matters which are of record, subsequent to this time, the case before us does not require us to say. But when he certifies evidence not recorded, the act is open to all the dangers which would arise if he gave us that evidence in the form of a statement of facts.

The strict application of the rule we do not believe has worked any injustice in this case; for on the hypothesis that the statement might be found sufficient to authorise an examination of the merits, the counsel of the appellant was heard fully in relation to them, and certainly without producing that conviction on our minds, which we have no doubt was sincerely felt by him.

The bills of exception remain for examination.

The plaintiff offered as a witness one Zacharie, who was objected to because he was surety for the costs. It appeared the witness had in his hands two hundred and fifty dollars belonging to the plaintiff, and the court considering this sum sufficient to cover the responsibility which he had incurred as surety, admitted him to testify, upon which the defendant excepted.

The witness was sworn on his *voir dire*, and there is no other evidence of his interest on record, but that which may be inferred from his declarations on this examination. We, therefore, think he could legally prove any fact which would establish his competency.

A witness on his *voir dire* may prove any fact which will show him to be competent.

It is objected, that the funds in his hands were subject to a settlement between the plaintiff and defendant. They appear to have been paid out of the proceeds of the sale of a schooner

EASTERN DIST.
January, 1832.

TRENCHARD
vs.
ELDERKIN.

of which the plaintiff and defendant were joint owners, and that the sale had been made under a decree of the Court of Admiralty, which decree was still subject to appeal. To obtain an account and payment of the profits arising from this vessel, during several years she was intrusted to the care and management of the defendant, is the object of the present suit.

It does not appear to us the court erred. The money in the hands of the witness was sufficient to save him harmless against the responsibility he had incurred for the plaintiff. The defendant had no lien on this money either in the event of this suit being determined in his favor, or in case he appealed from the decree of the Court of Admiralty, and procured a reversal of the judgment. The decree being executed, the appeal could only be devolutive.

The second bill of exceptions was taken to a decision of the judge, rejecting forty-four accounts or receipts, purporting to be bills receipted of the disbursements of the schooner Hannah and Sarah. These receipts are stated, to be annexed to the bill of exceptions, in point of fact they were not so, but on the return to the *certiorari*, the judge certifies a bundle of papers containing accounts and receipts, as the same as those referred to in the bill of exceptions.

We have examined these accounts, they do not exhibit any certificate of being filed in the District Court, nor is there any proof they were the same offered on the trial, save that contained in the judges certificate. Now, we have carefully looked into our laws in relation to practice, and we are unable to find any provision therein, which authorises a judge to make out such a statement, months after the appeal. The fact must be set out in the bill of exceptions, says the law. If reference was made to the documents themselves, instead of embodying them in the bill, they should have been filed in court with the clerk. It does appear to us, that a practice, such as contended for in this instance, would lead to great abuse, and is entirely unsupported by law. *Code of Practice*, 488.

On the last bill of exceptions, there can be no doubt. Extracts from the books of accounts were not good evidence,

Facts necessary to the understanding of a bill of exceptions must be made out at the trial and reduced to writing, or if they be documents filed with the clerk, the judge cannot certify them months after the appeal is granted.

because it was offering inferior evidence to facts, where higher and better, namely, the books themselves, were in the possession, or within the power of the party offering the inferior proof.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.