## BURKE vs. ERWIN.

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, THE JUDGE THEREOF PRESIDING.

The certificate furnished by the judge of the inferior court, after judgment, is insufficient, although the statement he makes, is drawn from his notes taken of the evidence.

The opinion of the court, containing a statement of facts, was delivered by PORTER, J.

A motion has been made to dismiss this appeal, for want of such certificate as will enable the court to examine the case on its merits.

That furnished by the clerk is clearly insufficient, and its defect has been attempted to be cured, by one obtained from the judge eight months after judgment was signed in the court below. It is in these words:

"I, Charles Watts, Judge of the Fourth Judicial District of the State of Louisiana, certify, that the record of the case of John J. Burke, against Lavinia Erwin and others, heretofore pending in the court of said district, for the parish of Iberville, and tried before me, contains all the matters and things upon which said cause was tried in the first instance. Considering the statement of facts in said case, as in lieu of evidence taken down by the clerk, so far as said statement refers to parol evidence given at the trial."

We have decided, a statement of facts cannot be made out after judgment. It is attempted to take this case out of the general rule, because the judge states at the commencement of the document furnished by him, that his statement is drawn from his notes taken of the evidence. This certainly diminishes, in some measure, the danger on which the rule was founded, but does not remove it. There is great difficulty even under the most favorable circumstances, of communicating truly to an Appellate Court, the facts in the same light they were presented to the tribunal which tried the cause in the first instance. That difficulty increases with time. The notes of a judge are not matter of record. They are sometimes carefully, and at other times, negligently preserved. They are taken down differently by different judges. Some note the evidence fully, others content themselves with writing out those parts of it which *they* consider material. If an error be committed in the use of such materials before judgment, it can be immediately corrected. Every thing which attended the investigation, is then fresh in the minds of those concerned; the parties can call to the recollection of the judge, matters which he may have omitted, or correct errors in those he has detailed; and his own recollection being more complete then than at a subsequent time, he can more properly judge how far the alleged inaccuracies are real or assumed. We think there would be great danger in permit-

41

ting such a practice.　　*See case of Trenchard* vs. *Elderkin*, 3 *La.*
*Rep.* 294.

ELLIOT,
ADM'R, &c.
*vs.*
WHITE.

It is, therefore, ordered, adjudged and decreed, that the appeal be dismissed with costs.

*Peirce*, for appellant.

*Davis*, for appellee.