BOWMAN
*vs.*
JANES.

the evidence was not taken down at the trial, and no statement thereof has been made.

*Harrison*, for defendant and appellant.

*Where the record contains no statement of facts, and the certificate of the clerk shows that the testimony taken in open court was not reduced to writing, the case cannot be examined on its merits in the supreme court.*

It is, therefore, ordered, adjudged and decreed, that the appeal be dismissed at the costs of the appellant.

---

### BOWMAN *vs.* JANES.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The request of one of the parties can alone authorise the testimony to be taken in writing by the clerk.

If the parties disagree as to a statement of facts, where the testimony has not been taken in writing by the clerk, at the request of one of the parties, the judge is bound to make a statement of facts, and he has no right to avoid the obligation which the law imposes on him, by directing, *ex officio*, the testimony to be taken in writing by the clerk.

The petition alleges that Joseph François Gaiennie, sold a certain tract of land near the bayou Plaquemine, to William

Janes, for seven hundred dollars, for which the vendee's promissory notes were given, with privilege on the land for its payment. The plaintiff sues, as the assignee of the vendor. The transfer of the notes, with the privilege, was made by public act. Janes conveyed a large amount of his property, including the lot of land, to his brother, Joseph Janes, who thereupon assumed to pay his debts. This suit was brought against Joseph Janes on that ground, to recover the amount of the notes with the benefit of the mortgage.

EASTERN DIS.
*January*, 1833.

BOWMAN
*vs.*
JANES.

No answer was filed, and a trial by jury having been prayed for, the plaintiff submitted his cause to a jury, who found a verdict for him, for the amount claimed in his petition.

On the trial, John J. Burk, Esq., stating that he was not employed in the cause, moved the court, as *amicus curiæ*, that the testimony given, should be taken by the clerk in writing. The plaintiff's counsel objected to this motion, on the ground that the mover had no authority to make it, but the objection was overruled by the judge, *a quo*, who considered that he had the power, *ex officio*, to order the testimony to be taken in writing. The plaintiff excepted to this decision.

After the verdict had been rendered, on motion of the plaintiff, the judge, *a quo*, instructed the jury to retire again, and consider their verdict with regard to the mortgage. An amended verdict was then returned, giving the plaintiff the benefit of his mortgage.

The defendant appealed.

*Ives*, for plaintiff and appellee, moved to dismiss the appeal.

1. The order of appeal is not dated, and it does not, therefore, appear that the said appeal is prayed for and made returnable at the proper term of this court. *4th Louisiana Reports, p.* 280.

2. Taking the date of the filing the petition of appeal in the court below, to wit, 19th November, 1833, at time of

CASES IN THE SUPREME COURT

granting the appeal, it should have been made returnable on or before the third Monday of December, or in December term. 3d *Louisiana Reports, pages* 250 *and* 440.

3. This court can not examine the testimony brought up in the record, because the same was not legally taken down on the suggestion of an *amicus curiæ*; the defendant not appearing by person nor by attorney; nor by the court, *ex officio*. *Code of Practice, article* 601. No statement of facts was drawn up as requ'red in such cases by *Code of Practice, art.* 602. And the exception of plaintiff's counsel to the taking down of the testimony by the court, *ex officio*, or at the suggestion of an *amicus curiæ*, was improperly overruled by the court below.

*Nicholls*, for defendant and appellant, in answer to the points filed by appellee, for the dismissal of the appeal.

1. The law does not require that the order of the judge, granting the appeal, should be dated. *Code of Practice, art.* 574.

2. The day of filing the appeal bond and petition of appeal, is the true date; from that time the appeal could not have been made returnable at an earlier date, taking into consideration the distance from Iberville to New-Orleans. *Code of Practice, art.* 180. The judge having made it returnable in January, establishes the insufficiency of the time. It is the act of the judge, and not of the party. *Code of Practice, art.* 583. The judge is supposed to have acted legally, until the contrary be proved.

3. It is respectfully submitted, whether by the constitution, there are more than two terms of the supreme court, in each and every year. That instrument, instead of terms, used the word sessions; first divides the state into two grand divisions, the Eastern and Western division, the Eastern division shall hold its sessions in New-Orleans, *during* nine *consecutive* months, constituting thereby a term of the court, as used by the *Code of Practice*, in the article cited.

Appellant considers term and session as synonymous; and that sessions in the Constitution, and term in the Code, mean the same thing.   *State Constitution*, art. 4, sec. 3.

4. The case being properly before the appellate court, by the exception of appellee, it will render such judgment as justice may require, no matter through what channel the information may be conveyed to it.   If taken even irregularly, the court is bound to notice it, particularly when the party was unrepresented on the trial.   *12th Mar. Reports*, *p.* 355.   *8th Mar. Reports*, 235.

5. The testimony was not taken down illegally.  Article 601 of the *Code of Practice*, grants to either party the right of having the testimony taken in writing; if this be done, either at the requisition of the judge, or of an *amicus curiæ*, no rule of law or justice can deprive him of the benefit of it.   Appellee complains with an ill grace of his own testimony, taken in his presence, under his own supervision, and in the absence of his adversary.

On the merits, the appellant urged that the judgment should be reversed on the following grounds:

1. The debt sued for, was in its origin, due neither to plaintiff, nor by defendant; appellee was bound to show his own right to sue, and defendant's liability to pay, in both of which he failed.   The debt was not of a negotiable nature, this right could only accrue by notice of the transfer, which is neither correct nor proved.   *Louisiana Code*, art. 2613.

2. Appellant's liability is not established; it is based on the following words in the sale from William Janes to appellant, viz: "*and to satisfy any other just and legal claim against me, and to defend and protect my interests in the settlement and adjustment of said claims, and to pay and satisfy such sums, as may be justly and legally due upon any of the sales aforesaid, to me.*"  This undertaking on the part of appellant, creates no assumpsit to the appellee, who did not know him as creditor of William Janes, nor even to Gaiennie, the original creditor.

3. Appellee mistook his remedy, and was premature in instituting suit, a previous recovery should have been had

against Wm. Janes, his real debtor, who was able to defend himself, and not against appellee, who was only bound to pay what might be *justly* and *legally* due, which could only be ascertained by a judgment against Wm. Janes.

4. The promise to pay, was a personal promise to William Jones, and enures exclusively to his benefit, and it differs materially from a promise to pay a particular person a specified sum, which appellant admits might be enforced. Here neither creditor nor debt is specified, nor did any legal novation take place by the sale from William to Joseph Janes. *Civil Code, art.* 2185.

5. The judge, *a quo,* erred in receiving a second verdict, after the first had been regularly returned and *recorded.* The power of the jury to revise or change their verdict, is restricted in point of time. Article 527 of the *Code of Practice,* provides that *after* reading the verdict, and on the jury answering they were agreed, it shall be recorded; and the subsequent article declares, that if on reading the verdict, it appears there is some want of form, it may be corrected, *in order to be read and recorded.* A verdict, therefore, can only be altered before it is recorded, and that in a matter of form only, not substance.

6. There being no legal verdict, the court could pronounce no judgment.

MARTIN, J., delivered the opinion of the court.

The plaintiff and appellee has prayed for the dismissal of the appeal, on the ground that there is neither a statement of the facts, nor any document legally supplying one, no bill of exceptions, or assignment of errors, &c. The defendant and appellant has urged, that the testimony was taken down in open court during the trial, which is declared by law to serve as a statement of facts when none is made.

The appellant has urged that the testimony was taken down on the application of an *amicus curiæ,* who did not pretend, and it is not urged, had any authority to represent the defendant, or to move any thing in his behalf; that his,

the plaintiff's and appellee's counsel, objected at the time to the testimony being so taken down, unless at the request of the defendant; but his objection was overruled, the judge being of opinion the court might, *ex officio*, direct and order the testimony to be taken.

The *Code of Practice*, 601, provides, that either party "may require the clerk to take down the testimony in writing, which shall serve as a statement of facts, if the parties do not agree to one."

The testimony thus taken in writing, can serve as a statement of facts, when the parties do not agree to one in the whole case, when the clerk has been required by either party. In the present case an absolute stranger, unconnected with and unauthorised by *either* party, made the requisition on the clerk, the only party who was in court, objecting thereto. The testimony was therefore taken in writing without the request of one of the parties which alone could authorise it.

*The request of one of the parties, can alone authorise the testimony to be taken in writing by the clerk.*

The parties have the right, if the testimony be not taken alone in writing, at the request of either of them, and they do not agree on a statement of facts, to call upon the judge to make one. He is bound to do so at the request of either party, and we are unacquainted with any right in him to avoid the obligation the law imposes on him, by directing, *ex officio*, the testimony to be taken down in writing by the clerk.

*If the parties disagree as to a statement of facts, where the testimony has not been taken in writing by the clerk, at the request of one of the parties, the judge is bound to make a statement of facts, and he has no right to avoid the obligation which the law imposes on him, by directing, ex officio, the testimony to be taken down in writing by the clerk.*

The law contemplates three modes of bringing up the facts of a case before us, when they do not appear in written documents. A statement agreed on by the parties or their counsel; in the absence of this, a statement made by the judge, or a copy of the testimony taken down in open court by the clerk, at the request of either party; and it appears to us, the judge cannot restrain this right, by directing the testimony to be taken down by the clerk.

As the appellant has not brought to this court, a record which enables us to reverse the judgment appealed from, the appeal must be dismissed at his costs.