. NETTLETON *vs.* STEPHENS.

APPEAL FROM THE COURT OF THE SECOND DISTRICT.

The clerk's certificate that the record contains a full transcript of all the pleadings, proceedings, documents, and evidence on file in the case, does not authorise the conclusion that all the evidence adduced, was put on file and is therefore insufficient.

This action was brought by one of two joint vendors of certain real estate in the parish of Lafourche, to recover his portion of certain instalments of the purchase money.

The defendant excepted that the debt claimed was indivisible, and that the heirs of the co-vendor should have been made co-plaintiffs. The exception was overruled, and the defendant filed his answer to the merits, pleading the general denial and several special pleas.

Judgment was rendered for the plaintiff for one thousand five hundred dollars, from which the defendant appealed.

The clerk's certificate was in the following words: "I the subscribing clerk of the second judicial District Court, sitting in and for the interior parish of Lafourche, certify the foregoing a true transcript of all the pleadings, proceedings, documents, and evidence on file, and of all the orders on record in the said court in the case," &c.

The record was filed in the Supreme Court on the 27th November, 1833.

The appellant filed his points on the 20th of January following.

*Taylor*, for plaintiff and appellee.

1. By the stipulations of the act of sale, Stephens had a right to part from the two first payments of two thousand dollars each for one year from the time they became respectively due, if his crops were not sufficient to pay after deducting expenses. The occurrence of the event on which the right to part from depended, is not proved. The debt

was not indivisible, but payable to the vendors by halves according to the terms of the act of sale.

2. The plaintiff cannot be delayed by the mere suggestion of defect of title contained in defendant's answer. Stephens must pay the price, because if the title was defective, he has not brought himself within the rule, since he does not allege he has *just reason* to fear he will be disquieted. *Faulk* vs. *Woolbridge, La. Rep.* 2, 09. *Civil Code*, 2535.

3. No deficiency in the quantity of the land sold is shown. If there had been a deficiency, Stephens would not be entitled to a diminution of price, for it was sold from boundary to boundary for a round sum. *Civil Code*, 2468, 2471.

4. Mrs. Anderson and Mr. Nettleton renounced their mortgages. *Civil Code*, 2038.

5. The judgment of the inferior court must be affirmed with damages; since there is no ground for an appeal, and because also the record is not certified according to law, there is no statement of facts, bill of exception to the opinion of the judge, special verdict, or assignment of errors appearing on the record, so that the correctness of the tribunal of the first instance cannot be examined. *Code of Practice*, 586, 897. *Nichols* vs. *Peytavin*, 7 *N. S.* 608. *Pugh* vs. *Erwin*, 6 *N. S.* 159.

*Nicholls, contra.*

1. The court erred in overruling the interrogatory propounded by defendant.

2. The court erred in refusing to order a survey.

3. Plaintiff had no right of action without having tendered previous release, and which he never had the power to grant.

MARTIN, J., delivered the opinion of the court.

This appeal must be dismissed at the appellant's costs. The certificate of the clerk states that the record contains a

EASTERN DIS.
*February*, 1833.

The clerk's certificate that the record contains a full transcript of all the proceedings, documents, and evidence on file in the case, does not authorise the conclusion that all the evidence adduced was put on file, and is therefore insufficient.

full transcript of all the pleadings, proceedings, documents, and *evidence on file* in the case. There is no statement of facts, bill of exceptions, special verdict; and the appellant has suffered the period fixed by law to pass, without any assignment of errors apparent on the face of the record. Nothing authorises the conclusion, that all the evidence adduced was put on file.

It is, therefore, ordered, adjudged, and decreed, that this appeal be dismissed with costs.