JOHNSON ET AL. *vs.* SPEARING.

APPEAL FROM THE COMMERCIAL COURT OF NEW-ORLEANS.

> The party wishing to appeal, and have the judgment of the inferior court
> revised, must see that the evidence is taken down in writing, or a state-
> ment of facts made out; otherwise judgment will be affirmed, with
> damages.

This is an action against the defendant on his two promis-
sory notes, given for the price of fifty-nine coils of bale rope.
The notes were payable to the order of Peter Laidlaw, and
by him endorsed in blank. He acted for the plaintiffs and
had the bale rope sequestered.

The defendant pleaded a general denial. There was
judgment for the plaintiff, and the defendant prayed and
obtained a suspensive appeal, but failed to have the testi-
mony taken down, or a statement of facts made out. The
appellees brought up the record after the return day, and
prayed for the affirmance of the judgment with damages.

*Strawbridge*, for the plaintiffs.

*Grivot*, contra.

*Morphy, J.*, delivered the opinion of the court.
Plaintiffs brought suit on two promissory notes given to
them by defendant, in payment of fifty coils of rope which
they caused to be sequestered. No serious defence being
made below, judgment was rendered against the defendants,

and the property sequestered ordered to be sold to satisfy the <span>EASTERN DIST.</span> same.

<span>April, 1840.</span>

The defendant took this appeal, which was returnable on the fourth Monday of July, 1839, but the record was filed in this court, only on the 2d of January last, by the appellees, who demand damages for the frivolous appeal.

It has been contended by the appellant, that the judgment below should be reversed, because there is no evidence that the plaintiffs have any interest in the notes sued on, which are made to the order of Peter Laidlaw, or that they have any claim or privilege on the fifty coils of rope ordered to be sold by the judge. Peter Laidlaw, as agent of the plaintiffs, took the necessary oath in order to obtain the writ of sequestration. He appears to have been examined as a witness on the trial, but his testimony is not to be found in the record, which, according to the clerk's certificate, does not contain all the evidence adduced below. The party who wishes this court to review, on its merits, a judgment of which he complains, should take care to have the testimony reduced to writing, or a statement of facts made out; when this is not done, we cannot say that the judgment appealed from is not sustained by sufficient evidence. The presumption on the contrary is, that the appellees have fully made out their case on the trial below. This appeal appears to us to have been taken only for delay.

The party wishing to appeal and have the judgment of the inferior court revised, must see that the evidence is taken down in writing, or a statement of facts made out; otherwise judgment will be affirmed with damages.

It is, therefore, ordered, that the judgment of the Commercial Court be affirmed, with costs and ten per cent. damages.