Simon, J.
The defendants are appellants from a judgment by default regularly taken against them, and made final after the expiration of three judicial days from the day it was entered. The plaintiff’s claim being based on a draft for $325, accepted by the treasurer of Jefferson College, to be paid by that institution, he had only to prove the signatures of the treasurer and of the drawer and endorser of the draft. As from the certificate of the clerk of the court, a qua, it appears, that parol evidence was produced, but not taken down in writing at the trial, we must presume that the plaintiff’s claim was duly proved by legal evidence before the default was made final; and as the record comes up without any statement of facts, and with the mention in the clerk’s cer *180 tificate that the parol evidence was not taken down, we cannot examine the case on its merits. 6 La. 124.
But the appellants have assigned as error apparent on the record, that the inferior court improperly refused to make a statement of facts immediately after the judgment appealed from was rendered, when so required to do by the counsel for the defendants.
The record shows, that on the day on which the judgment was made final and signed, the defendants’ counsel moved the court to make a statement of facts, for the purpose of'appealing to this court, which application was refused by the Judge, a quo, on the grounds among others, that the inferior court is not obliged by law to make any statement of facts, and that the defendants, having made no appearance, either by answer or exception, are not entitled to the same; to which refusal of the Judge the defendants took a bill of exceptions.
We have often held that, under article 586 of the Code of Practice, the inferior Judge is explicitly permitted to certify to those things which are of record in the suit; and that if there be any evidence introduced, of which record is not made at the time of the trial, this court can only act on it through a statement of facts agreed on by the parties, or made by the Judge if they disagree. 3 La. 294. 10 ibid. 562. For that purpose, article 601 of Ihe same Code, authorizes either party to require the clerk to take down the testimony in writing, which shall serve as a statement of facts, if the parties should not agree to one. This was not done in this case, as appears from the clerk’s certificate ; and, under article 602, when the testimony has not been taken down in writing, the party intending to appeal must require the adverse party, or his advocate, to draw, jointly with him, a statement of the facts proved in the cause, to be annexed to the record, and a transcript thereof to be transmitted to this court. The following article (603) provides that, if the adverse party, when required to do so, refuse to join in making out the statement of facts, or if the parties cannot agree, the court, at the request of either, shall make such statement, according to their recollection of the facts, &c. It is clear from these provisions, that the party who wishes to appeal must first apply to his adversary, and has no *181 right to call upon the court for a statement of facts, unless he can show that he has vainly attempted to get the adverse party to join him in making one. Here, the appellants have shown no such attempt; and the Judge, a quo, was not bound to grant their request. We cannot, therefore, investigate this case on its merits. 4 La. 8. 2 Ibid. 347.

Appeal dismissed.