## MERRILL *v.* DURRELL.

Although the owner of land, to which is appurtenant a right of way over land adjoining on the north, has been accustomed to use a part of his own land in connection with such adjoining land as a passway, the words "with the use of the passway on the north of said premises as enjoyed by me," in his deed of an undivided interest in the land owned by him, refer to the way over the adjoining land, and do not create a right of way over the common land.

A tenant in common of land, with an exclusive right in certain buildings thereon, has no way of necessity over the common land to reach such buildings.

PETITION FOR PARTITION. Facts agreed. In April, 1866, Davis conveyed to Ray the premises of which partition is sought, the northerly line of which was at one point only about six feet distant from the dwelling-house thereon, " together with the right of way on the north side and across the land now owned by said grantor and not hereby conveyed, as heretofore used by the former occupants of the premises hereby conveyed, or the right to use five feet of the land next north of the part hereby conveyed, and leading directly from State street, so long as either of said ways may be needed as a passway, not exceeding twenty years, saving the right to me and to my heirs and assigns to determine which of said passways this grantee, his heirs and assigns, shall be entitled to use as aforesaid." Under the grant, Ray and his successors in title, until after the expiration of twenty years, occupied

and used for the purpose of a passway to their barns a strip of Davis land of the average width of three feet, the remainder of the way being upon that part of the lot conveyed lying between the dwelling and the northerly line. In 1868, Ray conveyed to a party, under whom the defendant claims, an undivided half of the premises, " with the use of the passway on the north of said premises as enjoyed by me, upon condition, and it is hereby agreed by the parties to this deed, that the northerly half of the dwelling-house on said premises is to be occupied by the grantor and the south half by the grantee, that the chamber over the front halls in the dwelling-house and the stable now used for horses on the southerly half of said lot to be owned and occupied by this grantee, and the stable for cows to be owned and occupied by this grantor." In 1870, Ray conveyed all the premises not deeded by him to the defendant's grantor, subject to the reservations contained in the deed of Davis to him; to Rand, under whom the plaintiff claims. The defendant contends that under the deed of 1868 to his grantor he has by grant a passway over the part of the lot lying between the dwelling and the northerly line, of which the committee to make partition cannot deprive him, and that, if not by the grant, he is entitled to the passway as a way of necessity; and he asks that the committee to make partition be so instructed, and be instructed to take that fact into consideration in dividing the property.

*Leach & Stevens,* for the plaintiff.

*Streeter, Walker & Chase,* for the defendant.

ALLEN, J. What may be the legal effect of a grant by a tenant in common to his cotenant of a right of way over the common property, or of a like grant by the owner of the entire estate in his conveyance of an undivided fractional part of it ( *Whitton* v. *Whitton,* 38 N. H. 127, 133, 134; *Ballou* v. *Hale,* 47 N. H. 347, 350–352; *Holbrook* v. *Bowman,* 62 N. H. 313, 321; *Marshall* v. *Trumbull,* 28 Conn. 183, 184–186; *Mendell* v. *Delano,* 7 Met. 176 179, 180), need not be considered. The way conveyed by Ray's deed in 1868 is " the use of the passway on the north of said premises as enjoyed" by him, " upon condition," that is to say, his right under the deed of Davis to use for the purpose of a passway a narrow strip of land, not conveyed to him by Davis, for a period not exceeding twenty years. The defendant is entitled to use the portion of the lot lying between the dwelling and the northerly line as a passway to other parts of the lot, not as a way by express grant or of necessity, but by virtue of his ownership thereof as tenant in common with the plaintiff.

Upon partition a tenant in common is entitled to no particular part of the common estate, but only to his equal proportion of the

whole. If necessary or desirable to a just division, a right of way
may be given to one cotenant over the share assigned to another.
*Cheswell* v. *Chapman*, 38 N. H. 14. In every case, what will be
a fair partition is a question of fact for the committee, to be
determined upon a consideration of the value of the entire prop-
erty, of the several parts into which it may be separated, of the
interests and convenience of the parties concerned, and of all
other evidence. *Doughty* v. *Little*, 61 N. H. 365; *Holbrook* v.
*Bowman*, 62 N. H. 313, 321.

                                                    *Case discharged.*

BLODGETT and CHASE, JJ., did not sit: the others concurred.