THE STATE, THE MAYOR, &c., OF JERSEY CITY, PROSECU-·
TOR, v. THE LEHIGH VALLEY TERMINAL RAILWAY
COMPANY.*

On *certiorari* to review an order appointing commissioners·
in condemnation proceedings.

Argued at November Term, 1892, before Justices DEPUE,
and WERTS.

For the prosecutor, *William D. Edwards.*

For the defendant, *Collins & Corbin.*

The opinion of the court was delivered by

DEPUE, J.   The·controversy in this case is over the strip·
of land belonging to the city through which the Brown place
sewer was in part constructed, and which the city, by a reso-
lution passed by the board of street and water commissioners
on the 28th of September, 1892, declared to be a public street.
The facts are set out in the opinion in the case of *Jersey City·*
v. *The National Docks Ry. Co., supra.*

This writ is prosecuted to review an order for the appoint-
ment of commissioners made October 8th, 1892, on the ap-
plication of the Lehigh Valley Terminal Railway Company·
to condemn a right of crossing for its railroad over the said
lands.

The company located its railroad over said lands near the·
location of the crossing of the railroad of the National Docks·
Railway Company over the same strip, and on the 15th of
January, 1892, applied by petition to the board of street and
water commissioners for a crossing over said land.   The material·
terial parts of the said petition are in these words:   "The·

_____

*For syllabus to this opinion see syllabus of case of *Jersey City* v. *National Docks Co., ante, p.* 194.

Lehigh Valley Terminal Railway Company desires to agree with the city for the crossing by its railroad of Brown place -sewer and the strip of land of the city fifty feet in width through which the sewer is built, and asks that the terms of crossing may be settled upon and fixed by the city.

"The company respectfully applies for leave to construct its tracts across said sewer and the strip of land of the city fifty feet in width, through which the sewer is built, and offer and agree, in case its application is granted, to construct for the support of its tracks and to maintain bridges over the said sewer and land having an elevation of not less than fifteen (15) feet in the clear above the crown of the sewer, resting upon stone abutments and foundations constructed on each side of the said sewer not less than twenty (20) feet apart. * * * In case the said strip of fifty feet in width owned by the city shall hereafter be opened and graded as a street under said railroad, then said company offers and agrees that when required by the city its abutments shall be set back and placed outside of said strip of land of the city and a clearance shall be left of not less than fifteen feet above the crown of the said sewer as now constructed.

"For the damages for this crossing (which we think are but nominal) the company offers to pay to the city one hundred dollars."

The board, by a resolution passed January 28th, 1892, accepted the company's proposition, thus concluding a contract between the railway company and the city. The company, under the agreement, took possession and erected its bridge with a span of fifty feet, supported by abutments twenty feet apart, with a clearance of fifteen feet above the sewer, in conformity with the specifications in the said agreement.

The company being dissatisfied with that part of the contract which provided for the contingency of a street being opened and graded, and having unsuccessfully applied to the city to abrogate that part of the agreement, instituted proceedings to condemn a crossing under section 100 of the General Railroad law. *Rev., p.* 928. In its petition to the judge for the ap-

pointment of commissioners the right proposed to be acquired is described as follows : " The interest and estate which your petitioner desires to condemn in so much of said lands as are used for a public sewer is a right to cross the same without interfering with said sewer, and the crossing will be by an elevated structure upon which your petitioner's tracks will be laid, which structure shall rest upon stone abutments placed on each side of said sewer at such distance therefrom and elevation and in such mode as not to interfere in any manner with the sewer or with the use, repair or maintenance thereof."

On this application commissioners were appointed. This writ brings up for review the order making the appointment.

It will be observed that the purpose of this condemnation proceeding is to wholly supersede and extinguish the agreement between the railway company and the city. By that agreement the company obtained a right to construct its railroad over the premises on terms which were then satisfactory to both parties. The statute which empowers a railroad company to acquire a right or an estate in lands for the construction and use of its railroad by condemnation, makes the inability to agree with the owner for the use or purchase of the property a jurisdictional fact.

For the reasons assigned in the opinion in *The State, The Mayor, &c., of Jersey City, pros.*, v. *The National Docks Railway Co.*, *supra*, the order appointing the commissioners should be set aside.