## Herman Christner *v.* A. F. John, Appellant.

*Appeals—Act of May 9, 1889.*

The act of May 9, 1889, sec. 2, P. L. 158, providing that "the record on any appeal perfected in the court from which the appeal may be taken, may be filed in the Supreme Court without requiring a writ of certiorari," refers to appeals from the orphans' court, appeals in equity, and appeals from decrees distributing money, and does not refer to cases which before the act of 1889 would have required a writ of error.

*Appeals—Superior Court—Jurisdiction—Act of June 24, 1895.*

Where an appeal was taken from a judgment on a verdict, prior to the passage of the act of June 24, 1895, P. L. 212, creating the Superior Court, but a certiorari was not issued from the Supreme Court and filed in the court below until after the passage of the act, and the case involves an amount under $1,000, the Supreme Court has no jurisdiction, as no effective appeal was taken until after the creation of the Superior Court. In such a case the record will be remitted to the Superior Court at the costs of appellant.

Argued Oct. 16, 1895.    Appeal, No. 226, Oct. T., 1895, by defendant, from judgment of C. P. Somerset Co., Sept. T., 1891, No. 318, on verdict for plaintiff.    Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL and FELL, JJ. Record remitted to superior court.

Appeal by defendant from judgment of justice of the peace for $93.05 to the court of common pleas.

On the trial a verdict was rendered for $106.12, in favor of the plaintiff.    Judgment was entered on the verdict.

*W. H. Ruppell, A. H. Coffroth* with him, for appellant.

*F. J. Kooser, John R. Scott, John G. Ogle, E. O. Kooser* and
*Valentine Hay* with him, for appellee.

OPINION BY MR. CHIEF JUSTICE STERRETT, Oct. 24, 1895:

This case came into the common pleas on defendant's appeal
from the judgment of a justice of the peace for $93.05 and costs,
and was so proceeded in that a verdict was rendered in favor
of the plaintiff for $106.12. The jury fee having been paid,
judgment was regularly entered on the verdict October 31, 1894.
No proceeding of any kind was had in this court until after
July 1, 1895, when a certiorari was taken and filed in the court
below August 9, 1895. In the meantime, however, on Novem-
ber 1, 1894, the defendant entered an appeal in the court below
and there gave bond with sureties, in the sum of $300, condi-
tioned to prosecute his appeal with effect, etc. It was undoubt-
edly a case in which, prior to the act of May 9, 1889, the proper
appellate remedy would have been a writ of error; and it is
equally clear that, under the act of 1895 establishing the supe-
rior court, we have no jurisdiction of the case, unless it was
acquired by virtue of the appeal entered in the court below in
November, 1894.

But, under our construction of the act of 1889 and the rule
of court relating thereto, adopted May 27, 1889, no such effect
can be ascribed to the appeal entered in that court, because it
was not only unauthorized by said act, but it was positively
forbidden by the rule of court referred to, and was therefore
null and void. The rule declares: "All appeals taken under
the act of May 9, 1889, must be taken in this court as writs of
error have heretofore been taken, and in all such cases a writ
of certiorari must be issued to bring up the record: 125 Pa.
XXI. The first section of the act of 1889 provides: "That all
appellate proceedings in the Supreme Court, heretofore taken
by writ of error, appeal or certiorari, shall hereafter be taken in
a proceeding to be called an appeal." This uncalled for legisla-
tion had the effect of producing confusion—the inevitable result
of the short-sighted policy of attempting to call essentially dif-
ferent things by one and the same name. Only a few months
after the passage of the act, this court had occasion, through
its then chief justice, to call attention to this fact thus: "As
some confusion exists as to the proper construction of the act

of May 9, 1889, P. L. 158, relating to writs of error and appeals, we deem it proper to say that the primary object of said act appears to be to substitute an appeal for the ancient and well understood writs of error and certiorari. This is a mere change of name; the proceeding itself is unchanged. The writ of error which comes here under the mask of an appeal is still a writ of error in effect, with all its incidents. The same may be said of appeals which come up in the place of a certiorari. In each of this class of appeals, the appeal must be taken in this court as writs of error and certiorari were formerly taken. The provision in the second section of the act that 'the record on any appeal perfected in the court from which the appeal may be taken may be filed in the Supreme Court without requiring a writ of certiorari' evidently refers to appeal from the orphans' court, appeal in equity, and from the distribution of money, which have always been taken in the court from which the decree appealed from was made. As to such appeals, the practice remains unchanged. In such cases, a certiorari was almost invariably used to bring up the record. It is the only proper and legal mode of doing so. Instead of simplifying proceedings in this court, the act of 1889 has produced nothing but confusion: It was not called for by any public need; it was not asked for by this court, nor by any considerable number of the members of the bar who practice therein; and it serves no useful purpose:" McAlarney's Rules of Court, 37.

Again in Rand v. King, 134 Pa. 645, our brother Williams after pointedly calling attention " to the difference between the several modes of review in use in this state," proceeds to say: " Since the act of 1889, these modes remain applicable in the same cases, within the same limits, and with the same effect as before, the only difference being that now they are called by the same name. That act provides 'that all appellate proceedings in the Supreme Court heretofore taken by writ of error, appeal or certiorari shall be hereafter taken in a proceeding to be called an appeal.' It will be noticed that this act does not profess to extend the right of review, to change its extent in cases already provided for, or to modify in any manner its exercise. It simply provides that dissimilar proceedings shall be called by the same name. An appeal in name may therefore be a writ of error or a certiorari in legal effect, and it is necessary, in

every case, to look into the record, and determine at the outset of our examination whether what is called 'an appeal' is such in fact, or is a writ of error or a certiorari. The practical effect of calling proceedings so essentially unlike by the same name, is to obscure and divert attention from the peculiar characteristics of each. This increases the sense of uncertainty on the part of the practitioner, and the labor of the appellate court."

While we have uniformly adhered to the early construction given, in the cases above cited, to certain provisions of the act of 1889 therein referred to, it is proper to say that the justly deserved criticisms therein contained were *not intended to apply* to the commendable provision, in the second section of the act, which requires that the parties to any appellate proceeding in this court shall be stated in the same order in which they stood in the court below, etc. The practical utility of that provision is obvious.

From what has been said, we are warranted in concluding that, in the case before us, the first legal and effective step in appellate proceedings was that taken in this court in August, 1895, since the establishment of the Superior Court. The judgment being less than $1,000, we have no jurisdiction to hear and determine the case thus pending in this court. The 9th section of the Superior Court act provides, inter alia: " If an appeal is erroneously taken directly to the Supreme Court in any of the classes of cases made reviewable by the Superior Court, the Supreme Court shall not quash the appeal but shall remit the case, at the costs of the appellant, to the Superior Court for hearing and decision."

It is accordingly ordered that the above entitled case be remitted, at the costs of the defendant, to the Superior Court for hearing and decision.