Mrs. A. Lamazon

        vs

L. Bromschwig et al.

No. 7697

February 24th, 1920.

CHARLES F. CLAIBORNE, JUDGE.

This is a suit for rent. Plaintiff avers that she leased in writing to the defendant Bromschwig certain premises for a term commencing on February 10th, 1917 and ending on February 10th. 1919 for the price of $60 per month payable monthly in advance, with the condition that should the lessee fail to pay the rent at maturity, that the rent for the whole unexpired term should at once become exigible; that the rent due February 10th. 1918 was not paid, causing the maturity of all the remaining rent amounting to $780; that F. J. Semmes is a party to said lease as surety and is bound in solido with the lessee. Plaintiff therefore prayed for judgment against Bromschwig and Semmes in solido for $780.

Both defendants excepted to plaintiff's petition on the ground that "taken in connection with the lease attached thereto, it disclosed no cause or right of action".

By judgment rendered April 5th, 1918, the exception was referred to the merits.

On June 6th, 1918, on failure of the defendants to answer, default was entered against them.

On October 16th, 1918 the default was confirmed, and judgment was rendered against both defendants as prayed for.

The defendant F. J. Semmes alone has appealed.

The following note of evidence was made on the confirmation of default:

"Arthur Lamazon was sworn and examined on behalf of the plaintiff, and counsel offered in evidence the entire record including the lease and notes sued on, and the minute entry of default of date 6th. June 1918. By the Court: Judgment as prayed for".

The statement that the notes sued on were offered in evidence is an error, as it does not appear by the lease that the lessee furnished any notes. The Clerk certifies that the trans-

275

script contains true copies of all pleadings, evidence, and documents filed in the case.

The clause in the lease by which the plaintiff attempts to hold F. J. Semmes is as follows:

"And now comes F. J. Semmes who hereby makes himself party to this contract of lease, and binds himself with the lessee in solido for the faithful execution of all the obligations to be performed on the part of the lessee".

The name of "Semmes" appears nowhere else on the lease, nor does it appear that *his name* was written there by him, *nor is the*

The defendant contends *that* in the absence of an order from the judge fixing the time within which he should answer after the exception had been referred to the merits, the default and confirmation of the default were premature and null, and that it was the duty of the plaintiff before taking a default to have taken some legal action to compell the defendants to file and answer, or the exception should have been taken as an answer and the case regularly docketed and fixed.

The defendant is mistaken. Section 9 of Rule IX of the Civil District Court provides that:

"When an exception is overruled or referred to the merits the defendant shall file his answer before the opening of the Court on the following day, or judgment by default may be taken";

and such has been the recognized correct practice for years. *transcript*
*The testimony of L. Amazon is not on the record —* When it appears from the transcript that ~~the~~ testimony which was taken on the trial of the case is not in the transcript, the presumption is that the judgment of the District Court was rendered upon sufficient evidence and that it is correct; in the absence of a statement of facts the judgment will be affirmed. 6 La. 72; 15 La. 232; 1 R. 448; 4 R. 325; 7 R. 179; 8 A. 437; 22 A. 73; 23 A. 393; 504; 24 A. 20; 26 A. 148, 734; 33 A. 107, 415; 34 A. 631; 35 A. 1147; 39 A. 227, 364, 881; 42 A. 335; 43 A. 91, 378; 51 A. 610; 123 La. 341, 902.

"When nothing whatever is shown, if evidence were necessary to have authorized the particular decision

complained of, it will be presumed that the evidence was before the Court and that it fully justified the conclusion reached". Black on Judgments, Sec. 271.

The rule is different only when the Clerk certifies that the transcript contains all the evidence offered, and the transcript does not show otherwise. In such a case, if the evidence is not sufficient to support the judgment, it will be reversed and the case remaned. 52 A. 707, affirmed in 106 La. 6.

The burden of proof was upon appellant to show that the judgment of the District Court was erroneous. 123 La. 331, 895. In order to do this it was his duty to bring up to this Court all the evidence upon which the case was tried. There is no law, nor rule of the Court, which requires a litigant upon the trial of his case to make a note of evidence not to take down the testimony is writing. 6 La. 129; 1 R. 448; 8 A. 436; 34 A. 631; 36 A. 94, 615; 39 A. 227, 364; 42 A. 335.

If the testimony has been taken down in writing and transcribed it shall serve as a statement of facts and be brought up. C. P. 601. If it had not been taken down in writing, or if it has not been transcribed, the appellant must procure a statement of facts from the adverse party or from the Judge. C. P. 602, 603, 896; 34 A. 631; 36 A. 613; 39 A. 227, 364; 42 A. 335; 43 A. 378, 541; 108 La. 432; 123 La. 340; 136 La. 44.

In the absence of these, the Supreme Court will reject the appeal. C. P. 896; 6 La. 129; 29 A. 71. But in both cases the duty devolves upon the appellant to furnish a complete transcript of all proceedings had in the District Court.

In the case under consideration the note of evidence shows that the testimony of one witness, Arthur Lamazon was taken. His testimony is not in the transcript. The note of evidence must prevail over the Clerk's certificate that the transcript contains all the evidence taken. 35 A. 820; 123 La. 331; 136 La. 44. We must presume that this testimony fixed the liability upon F. J. Semmes, alleged to have signed the lease as surety.

In Parham vs. Succession Ogle, 22 A. 73, the Court said:

277

"If the record contains no note of evidence, but it
appears that the letters were received in evidence,
in the absence of proof to the contrary, we will pre-
sume that the judge did his duty and required proof of the
signatures before receiving them in evidence".

On the trial in the District Court, one of two things
must have happened: either the testimony of Lamazon was taken down
in writing, when it became the duty of the appellant to bring it
up. The presumption is that it was so taken down, as it is made
the duty of the Court's stenographer "to report all testimony
taken in open Court" and "to deliver to the Clerk of the Court
a transcript of the same". Section 3 of Act 141 of 1914, p. 255.
Or it was not taken down in writing, and not transcribed, or
not filed, then appellant should have taken proceedings to pro-
cure a statement of facts from the appellee or to have the tes-
timony transcribed and filed. The practice has been sanctioned by
judgment of the Supreme Court to render judgment before the testi-
mony is transcribed or filed, and to permit litigants to file
the same long after judgment. 47 A. 346; 43 A. 833. Appellant
has done neither. He has not destroyed the presumption in favor
of the correctness of the judgment which, therefore, must be
affirmed. 1 R. 100, 132, 543; 15 La. 232; 39 A. 881.

"When on an appeal from a judgment confirming one
taken by default, the record contains no statement of
fact, and the certificate of the Clerk shows that
parol evidence was produced on the trial, but not
taken down in writing, it will be presumed that plain-
tiff's claim was proved by legal evidence before the
judgment by default was made final. Where the testi-
mony introduced on the trial has not been taken down
in writing, the party intending to appeal must require
the adverse party to draw jointly with him, a statement
of the facts proved, to be annexed to the record". C. P.
602; 7 R. 179; see also 10 M. 20; 9 R. 478; 18 A. 229;
23 A. 746; 22 A. 83; 9 A. 190; 3 A. 592; 5 R. 169; 6 La.
164, 303; 11 A. 644.

"The party wishing to appeal and have the judgment
278

of the inferior court revised must see that the evidence is taken down in writing, or a statement of facts made out; otherwise judgment will be affirmed with damages" 15 La. 232.

It is therefore ordered that the judgment herein be affirmed.