# City of Philadelphia *versus* The Ridge Avenue Passenger Railway Company.

1. Where an ambiguous term or an elliptical phrase is used in a stat-
ute, the court will, in construing the same, have regard to the object and
spirit of the Act.

2. Where a literal construction of certain words in an Act imposing a
tax on dividends of a corporation would place it in the power of the di-
rectors of the corporation to declare dividends in such a manner as to
escape all taxation, such construction will not be adopted, if the Act is
reasonably susceptible of another construction, whereby a revenue is se-
cured.

3. Two incorporated passenger railway companies having been merged
and consolidated under the title of the Ridge Avenue Passenger Railway
Company, an Act of Assembly was passed, (approved March 8th 1872,
P. L. 264) confirming said consolidation, authorizing an increase of cap-
ital stock; and authorizing the directors to declare dividends of the prof-
its " at such time or times as they may deem expedient;" *provided* " that
the said company shall *annually* pay into the treasury of the city of
Philadelphia, for the use of the said city, a tax of six per centum upon
so much of *any dividend declared* which may exceed six per centum upon
their said capital stock."  The nominal authorized capital stock of the
company was increased to $750,000, of which $420,000, was actually paid
in.  In an action by the city to recover tax on the excess of dividends
over six per cent. upon their capital stock, under said Act; *Held—*

(1) That the words " capital stock " relate to the amount of capital
stock actually paid in, and not to the amount of authorized capital stock.

(2) That the provision for the payment annually of a tax on " any
dividend declared," &c., contemplated that said tax should be based
upon the aggregate of dividends declared in any one year, and not upon
any single dividend.

(3) The company having from January 1875 to October 1879 declared
numerous dividends, no one of which exceeded six per cent. upon the

[City of Philadelphia v. Ridge Ave. Railway Co.]

paid in capital stock, but the total dividends in each year largely exceeded six per cent. thereon; the company was liable to pay a tax of six per cent. upon the excess of such annual dividends above six per cent. on the paid-in capital stock.

January 24th 1883.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas No. 3, of *Philadelphia county :* Of July Term 1882, No. 210.

This was an action of debt, by the city of Philadelphia against the Ridge Avenue Passenger Railway Company, to recover tax upon dividends, imposed by the Act of March 8th 1872, § 3, P. L. 264.

The cause was, by agreement, referred to a Referee (C. Stuart Patterson, Esq.) under the provisions of the Act of June 16th 1836, and its supplements, either party to have the right to file exceptions, and take a writ of error.

The facts of the case, and the Acts of Assembly in question, are fully recited in the opinion of this court.

The Referee decided (1) that the words "capital stock" in the Act of 1872, meant capital stock paid in, not authorized capital stock ; (2) That the defendant, having declared no single dividend in excess of six per cent. on the amount of paid-in capital stock, was not liable to any tax, under the provisions of said Act.

On the latter point the referee reported as follows :—The construction of the taxing clause in the Act seems to be free from difficulty.   The directors of the company are authorized to declare and pay dividends "at such time or times as they may deem expedient, and the company is directed to 'annually' pay a tax 'upon so much of any dividend declared which may exceed six per centum upon their said capital stock.'"   The direction to pay tax "annually" cannot control the legislative limitation of the subject of taxation to the excess of "any dividend" over the designated percentage of capital.   The authority vested in the directors to declare and pay dividends, "as they may deem expedient," and the words "any dividend" and "such dividend," as used in the clauses prohibiting and making penal any impairment of capital, show that the legislature contemplated dividends, as made not necessarily annually, but at irregular intervals, whether more or less frequently than annually.

The construction for which the plaintiff contends would require me not only to disregard the word "any," but to change "dividend" into "dividends," and to interpolate "annual" before dividends as a qualification thereof.   I know of no rule of statutory construction which would authorize this.

Construing the Act of 1872, without reference to the prior Acts of 1858 and 1859, I cannot doubt that the legislative

[City of Philadelphia *v.* Ridge Ave. Railway Co.]

intent is to exempt this particular company from municipal tax· ation upon every several dividend which is less than six per cent. upon its capital stock.    But if the taxing clauses in the char- ters of 1858 and 1859, which were repealed by the Act of 1872, be contrasted with the repealing Act, the argument becomes irresistible.    The Girard College Passenger Railroad Company was, by its charter, authorized to declare only semi-annual dividends, and was required annually to pay tax " whenever the dividends shall exceed six per centum on the capital stock." The Ridge Avenue and Manayunk Passenger Railway Com- pany was also restricted to semi-annual dividends, and was required annually to pay tax " whenever the dividends shall exceed six per centum per annum on the capital stock."

The legislature, in its wisdom, has repealed those taxing clauses, and has substituted for them the third section of the Act of 1872, which has no reference to annual dividends, and which taxes only the excess over and above six per cent. on the capital stock, of " any dividend," when declared " at such time as" the directors " may deem expedient."    To construe the Act of 1872 as the plaintiff would read it, would be legislation, not judicial construction.    It may be that the, defendant ·has acquired great privileges at the expense of the public, and that it ought to be more heavily taxed therefor.    With that, I have no concern in this case.    If the legislature has not seen proper to tax the defendant to its proper measure, courts of law cannot ·correct the legislative failure of duty.    Nor can a court assume that the legislature did not mean that which the words of the statute plainly indicate.

As the defendant has not in " any dividend " exceeded the limit designated in the Act of 1872, I enter judgment for the defendant with costs.

The plaintiff filed exceptions to the above findings and judgment of the Referee, which, after argument, were dismissed by the court (no opinion filed) and judgment was entered for the defendant.    The plaintiff thereupon took this writ of error, assigning for error the dismissal of the exceptions and the entry of judgment.

*Charles E. Morgan, Jr.*, assistant city solicitor, and *Wm. Nelson West*, city solicitor, for the plaintiff in error.

*John G. Johnson* (*H. G. Clay* with him), for the defendant in error, argued that a power to tax, delegated to a municipality, or a tax imposed for the benefit of a municipality must be strictly construed ; and that the contrast between the provisions of the Act of 1872 and those of the prior Acts of 1858 and 1859, conclusively vindicated the construction of the former Act adopted by the Referee and the Court below.

Mr. Justice CLARK delivered the opinion of the court, March 12th 1883.

This is an action of debt, brought by the city of Philadelphia against the Ridge Avenue Passenger Railway Co., to recover unpaid taxes, claimed to be due and owing the city under the Act of Assembly of March 8th 1872, entitled, " An Act relating to the Ridge Avenue Passenger Railway Co."

The defendant company was formed in the year 1872, under the general laws of the Commonwealth, by the consolidation of of the Girard College Passenger Railway Co., and the Ridge Avenue and Manayunk Railway Co. ; the former was incorporated by the Act of 15th April 1858, Pamph. Laws 301, and the latter by the Act of 28th March 1859, Pamph. Laws 264, and the charters, of both of said companies, contained a clause requiring that " the said company shall, annually, pay into the treasury of the city of Philadelphia, for the use of said city, whenever the dividends shall exceed six per centum per annum, on the capital stock, the sum of six per centum on the said dividends thus declared."

The Act of Assembly of March 8th 1872, above referred to, was passed after the consolidation of the two companies named, had been effected. The question submitted in this case, arises upon the proper construction of the 3d section of this Act, which section reads as follows, viz :

" Sec. 3. That dividends of so much of the profits of the said company as shall appear advisable to the directors, shall be declared by the said directors at such time or times as they may deem expedient, and be paid at the office of the said company at such times as the said directors may designate ; but the sum divided shall in no case exceed the amount of the net profits of the said company, so that the capital stock shall not be impaired thereby ; provided always, that the said company shall annually pay into the treasury of the city of Philadelphia, for the use of the said city, a tax of six per centum upon so much of any dividend declared, which may exceed six per centum upon their said capital stock ; and if the said directors shall make any dividend impairing the capital stock of the said company, the directors consenting thereto shall be liable in their individual capacities to the said company for the amount so divided, and each director present, when such dividend shall be declared, shall be considered as consenting thereto," &c.

This suit was brought to recover the taxes or charges, imposed by this Act of 1872, upon the consolidated company for the years 1875, 1876, 1877, 1878 and 1879.

The capital stock, by the terms of the statute was fixed at twelve thousand shares of fifty dollars each, with unlimited power to increase. We find from the report of the referee that

[City of Philadelphia *v.* Ridge Ave. Railway Co.]

the capital stock has been increased under this power, to fifteen thousand shares; the whole authorized capital is therefore $750,000, but of this sum twenty dollars per share, only, has been actually paid in, amounting to $420,000.

The referee further finds that from and after January 1875, dividends have been duly declared by the directors of the company, and paid to the shareholders as follow, viz:

| No. | Date. | | Amount per share. | Total Am't of dividend. | Total dividends, per years. | |
|---|---|---|---|---|---|---|
| 1. | January, 1875 | . | $1.50 | $22,500 | | |
| 2. | July, " | . | 1.50 | 22,500 | 1875, | $45,000 |
| 3. | January, 1876 | . | 1.50 | 22,500 | | |
| 4. | July, " | . | 1.50 | 22,500 | | |
| 5. | October, " | . | 1.50 | 22,500 | 1876, | 67,500 |
| 6. | January, 1877 | . | 1.50 | 22,500 | | |
| 7. | July, " | . | 1.50 | 22,500 | 1877, | 45,000 |
| 8. | January, 1878 | . | 1.50 | 22,500 | | |
| 9. | July, " | . | 1.50 | 22,500 | | |
| 10. | November," | . | 1.00 | 15,000 | 1878, | 60,000 |
| 11. | January, 1879 | . | 1.50 | 22,500 | | |
| 12. | April, " | . | 1.00 | 15,000 | | |
| 13. | July, " | . | 1.50 | 22,500 | | |
| 14. | October, " | . | 1.00 | 15,000 | 1879, | 75,000 |
| | Total, . . . . . . . | | | | | $292,500 |

The plaintiff seeks to recover the arrears of taxes to 1879, inclusive, with interest, which it alleges to be due by the defendant, under the third section of the Act of March 1872, calculating the annual taxation at the rate of six per centum on the excess of the total dividends in each year over and above six per centum on the paid in capital of the company.

Stated in figures the plaintiff's claim is as follows:—

| Year. | Total Dividends. | Capital Paid in. | Six per cent. thereon. | Excess of dividend over 6 per cent. on capital. | Tax at rate of 6 per cent. on such excess. |
|---|---|---|---|---|---|
| 1875 | . $45,000 | $420,000 | $25,200 | $19,800 | $1188 |
| 1876 | . 67,500 | " | " | 42,300 | 2538 |
| 1877 | . 45,000 | " | " | 19,800 | 1188 |
| 1878 | . 60,000 | " | " | 34,800 | 2088 |
| 1879 | . 75,000 | " | " | 49,800 | 2988 |

Total div'ds, $292,500

Total tax claimed . . . . . . . $9990

The defence is, first, that the words " capital stock " as used in the 3d section of the Act of 8th March 1872 mean the authorized, and not the paid in capital stock, and as six per .centum of the authorized capital stock, $750,000, amounts to $45,000, the company is liable to taxation only on the excess over 45,000; and, second, that the taxing clause has reference not to the total annual dividends but to the excess of each dividend, whenever and however often declared over and above $45,000, or $25,200 as the first question may be held.   By the terms of the same statute the company has unlimited power to increase the capital stock on the one hand, and the right to declare dividends, at such time or times as the directors may deem expedient, on the other.

It is undoubtedly true that " when' a statute is clear and explicit, and its provisions are susceptible of but one interpretation, its consequence, if evil, can only be avoided by a change of the law itself, to be effected by legislative and not judicial action.   It is not allowable to interpret what has no need of interpretation ; this rule is cardinal and universal: " Sedgwick on Construction of Statutes, 194.   .

By the provisions of the third section of this Act of 1872, the defendant is made liable to pay, annually, to the city of Philadelphia, " a tax of six per centum, upon so much of any dividend declared, which may exceed six per centum upon the capital stock."

The entire authorized capital stock of the company, as we have already said, during the years stated, was $750,000, of which only $420,000 had been paid in.   Upon which of these sums is this excess to be computed ?   The former is the authorized, the latter the actual capital, and either of them is within the letter of the statute.   There is nothing in the context to explain this ambiguity, and we must therefore resort to the reason and spirit of the law, its object and purpose, in order that we may learn the intention of the legislature.   Dividends of profits are not estimated or declared upon the basis of the merely authorized capital·of a corporation, but·upon the basis of the capital actually paid; they are, indeed, only due to capital, and always are or ought to be thus distributed.   If the dividends are declared and distributed to the stock paid in, it seems clear that the same fund should be the basis of the defendant's taxation under this statute.   The tax imposed was certainly intended to be a percentage upon the profits, and as the profits were realized from the capital invested, the taxation to be uniformly proportionate should be computed upon the same.   Six per centum being the rate of interest allowed by law, it was doubtless intended that this rate of profit should be

[City of Philadelphia *v.* Ridge Ave. Railway Co.]

first allowed to the stockholders, upon their moneys invested, before any division of profits should be made with the city.

It is equally clear, that the object and purpose of the statute was to create and secure a revenue to the city of Philadelphia, whose streets the corporation were occupying for the purposes of their charter; but, if the six per centum is to be computed upon the whole authorized capital, and the company may from time to time so increase that capital, as to keep the percentage at all times in advance of the dividends, no revenue could at any time accrue to the city, and thus the intention of the legislature, and this purpose and object of the statute, would be defeated; the absurdity of such a construction is therefore apparent. We are of opinion, therefore, that the capital stock upon which per centage is to be computed, is the capital paid in. Such is the reason and spirit of the law, and it must be so interpreted.

The same question has been before this court, and has been ruled in accordance with the views here expressed : Citizens Pass. Railway Co. *v.* City of Philadelphia, 13 Wright 251, and to the same effect is 2d and 3d street Pass. Railway Co. *v.* Same, 1 P. F. Smith 465, and City of Philadelphia *v.* Phila. and Gray's Ferry Railway Co., 2 P. F. Smith 177.

The capital invested in this company has been found by the Referee to be $420,000 only, six per centum of this sum being $25,200 forms the basis of the defendant's liability and taken from the dividend declared, will ascertain the excess liable to tax.

Having thus ascertained upon what capital stock the percentage is to be computed, we come to consider from what dividend that percentage is to be taken. There can of course be no dispute as to the meaning of the word, as its popular, commercial and legal or technical signification is the same. A dividend, in the sense here used, is a sum divided or shared as profits among stockholders. It is generally used in a restricted sense, to signify a sum divided at one particular time; it may, however, in some cases, be understood in a more enlarged sense, to denote the aggregate sum divided, within a given period of time, or in a given matter. Which of these meanings the word may be intended to convey, in any particular case, depends upon the context and the general expression and purpose of the instrument, in which it is used. The requirement of this statute is, that the company shall annually, pay into the treasury, &c., a tax of six per centum upon so much of any dividend declared, &c. The payment is to be an annual payment. The tax is upon so much of any dividend declared. Declared when? Is the expression "any dividend declared" to be taken literally and alone? Does it signify any previous

dividend, whatever, or whenever declared, or is its sense qualified by the word annually, either as expressed in the context or understood? We think this cannot be doubted. The dividend referred to certainly is either a dividend declared within the year, or annually, most undoubtedly not one declared in any former year, or without qualification. The expression is elliptical, and something is wanting to complete it. The defendants contend that the company having the right to make several dividends within the year the intention of the legislature was that the tax should be upon each of such dividends so declared. This is a substantial admission that the sense is ambiguous, and simply supplies the ellipsis by inserting the words " within the year."

It is true the directors were empowered to declare dividends of the profits as often as they thought expedient, but this is the most convincing argument which can be used to show that the construction contended for by the defendants, is not the proper one. If the times for declaring the dividend or dividends had been appointed in the Act, the force of the defendants' argument would be greatly strengthened. The directors could and certainly would deem it expedient to declare a dividend as often as it became necessary to keep the amount of any single dividend below $25,200 ; dividends might thus be declared quarterly, monthly or oftener if required, and such a construction renders the statute absurd. The directors would be justly regarded by stockholders as derelict in duty, if they should suffer a tax to be imposed, when they had it clearly in their power to avoid it. The intent of the legislature was without doubt to establish a source of revenue to the city, payable out of the annual dividends of the company, and for that revenue the city was not to be dependent upon the mere generosity of the company. It is an old rule of construction, that if one interpretation would lead to absurdity, the other not, we must adopt the latter ; so, that interpretation which leads to the more complete effect, which the legislature had in view, is preferable to another. When language is elliptical, the necessary words supplied must be such, and so construed as to have some force, *ut res magis valeat :* Sedg. Cons. Stat. 196 ; Nichols *v.* Halliday, 27 Wisc. 406.

Nor is there any rule of law which requires that this statute should be strictly construed as against the city of Philadelphia. By the Acts of 1858 and 1859, already referred to, and the subsequent consolidation, the Ridge Avenue Passenger Railway Company at the time of and prior to the passage of the Act of 1872, was, in fact, bound to the city, annually, for a tax of six per centum on the entire dividends declared. This Act of 1872 only released or exempted the corporation from a part of its

burden, and is therefore to be construed rather as a grant of partial exemption from a subsisting liability, than an Act imposing a tax or creating revenue.   The tax under the previous Acts of 1858 and 1859 was to be at the rate of six per centum upon all the dividends declared, and for this the corporation was already bound ; whereas the tax under the Act of 1872 is, at the most, only six per centum upon so much of any dividend declared, which may exceed six per centum upon their capital stock, and was doubtless so intended, as this allowed the stockholders profit at the legal rate of interest upon their investment before any division of profits was to be made with the city. Such a grant is for merely private advantage, involving only incidental benefits to the community, and there is no rule requiring a strict construction in such a case as against the claim of the city.

But it is urged that the Act of 1872 was a substantial revision of the previous Acts, and, if it had been intended to re-impose the original tax, the legislature would have adopted the same phraseology ; but it is quite apparent that the legislature did not mean to re-impose the same tax, nor does any party to this cause claim such a construction for the Act.   The question is not what tax the legislature intended to impose, but whether it was the intention to impose any.

We are of opinion, therefore, that the Ridge Avenue Passenger Railway Company, by the terms and meaning of this statute, is liable to pay annually into the treasury of the city of Philadelphia for the use of said city a tax of six per centum upon so much of any annual dividend declared, which may exceed six per centum upon the capital stock paid in.

Therefore the judgment entered in this case is reversed, and now March 12th 1883, judgment entered in favor of the city of Philadelphia and against the defendant, the Ridge Avenue Passenger Railway Company, for the sum of $11,638.35, being the amount of the tax for the years 1875, 1876, 1877, 1878 and 1879, according to the finding of the referee, with interest thereon from time suit was brought.