THOMAS D. HOLLEY v. SALLIE D. HOLLEY et als.

*Processioning—Estoppel—Former Judgment—Amendments.*

1. Where the rights of parties have been once judicially determined, it is irregular and improper to attempt to do away with the effect of the judgment, by attempting to try the same right in a different way.

2. Where the pendency of another action, and a judgment therein which disposes of the subject matter of the controversy in the new suit, is not regularly pleaded, but is taken advantage of by an exception, the informality is such that this Court will not pass on the question, but will remand the case, that the fact may be regularly ascertained.

3. The Supreme Court has the power, in a proper case, to remand causes, to the end that proper amendments may be made, or further proceedings taken in the Court below.

4. Where the title to a tract of land has been passed upon in one action, · the losing party cannot re-open the question by a proceeding to have the land processioned.

(*Holley* v. *Holley*, 94 N. C., 96; referred to).

PROCEEDING to procession land, heard on appeal from the clerk, by *Connor, Judge,* at Fall Term, 1885, of BERTIE Superior Court.

The appellant brought this proceeding on the 30th day of October, 1884, to have the tract of land described in the record processioned, as allowed by the statute, (*The Code,* §§ 1926, 1927, 1928).

The processioner and freeholders made report of their action, to which the appellee filed numerous exceptions.

These exceptions were overruled by the clerk of the Court, and he confirmed the report. On appeal, the Judge reversed the order of the clerk, sustained the exceptions, and set the report aside. Thereupon, the petitioner appealed to this Court.

*Messrs. C. M. Busbee* and *R. B. Peebles,* for the plaintiff.
*Mr. John Gatling,* for the defendants.

MERRIMON, J., (after stating the facts). It would seem
that the present proceeding was unnecessary, if not improper,
as it appears from the eighth exception of the appellee, that
at and before it began, the present appellant had begun an
action against the appellee to try the title to the land in
question. In that exception, it is alleged, "that the lands
described in the petition in this case, are the same lands de-
scribed in the complaint in the case of Thos. D. Holley against
Geo. Gaskins and Sallie D. Holley, brought by the said Thos.
D. Holley at the Fall Term, 1883, of Bertie Superior Court,
and tried upon issues joined between the parties, at January
Special Term, 1884, of said Court, and carried by appeal by
the said Thos. D. Holley to the Supreme Court of North
Carolina, from a verdict and judgment against him, in which
Court it is now pending. The defendant Sallie D. Holley
submits, that the plaintiff has no right in law to have the
said land processioned while her suit upon said land to try
the title and possession thereof is pending, and that the pro-
cessioner and commissioners had no right to procession the
same, pending the said cause, and their report in that behalf
is inoperative and void."

It is suggested to us by affidavit, that the judgment in the
action mentioned in the above recited exception has been
affirmed in this Court, and that it embraces and settles the
matter in controversy in the proceeding. See *Holley* v.
*Holley,* 94 N. C., 96. If this is true, the judgment ought to
conclude the parties here, indeed everywhere. It is not
only unnecessary and unseemly, but absurd as well, to settle
the rights of parties in one litigation by solemn judgment,
and allow them to litigate the same rights in a subsequent
one, in a different form and perhaps in a different way. In
the orderly course of procedure, this cannot be allowed. Par-

ties have no right to contest their respective claims indefinitely. If this were so, nothing would ever be determined by Courts of justice. Rights regularly settled in an action, ought to so remain perpetually, and will, unless there shall be some misadventure or improper interference with the course of justice.

It seems, that the appellee intended, by the exception above referred to, to plead informally the pendency of. the action mentioned therein, and it may be that the judgment appealed from in this case, was founded upon the pendency of that action, but that it was, does not satisfactorily appear. This exception is so informal and the facts so imperfectly found that we cannot so determine.

As we cannot, we deem it proper, with a view to justice and consistency in procedure, to remand the case, to the end that the Court below may allow the appellee, upon such terms as may be just, to amend her pleadings, if she shall be so advised, by pleading the judgment in the action mentioned and referred to in the eighth exception recited above. This course cannot unduly prejudice the appellant, because, if the matter here in controversy has been settled in the former action as suggested, then he ought to be concluded; if not, then he can have the benefit of this proceeding accordingly as his rights appear to be.

The statute (*The Code,* §965,) contemplates that cases may be thus remanded with a view to justice. It provides that * * * * "the Court may remand the case to the intent that amendments may be made; further testimony taken; and other proceedings had in the Court below." And the case being remanded, the Superior Court has authority to allow all proper amendments. The statute (*The Code,* §277,) expressly confers ample power on it for such purpose.

Let this case be remanded, and a copy of this opinion be certified to the Superior Court, to the end that further action may be taken there according to law. *It is so ordered.*

Remanded.