RIDGE AVE. PASS. RY. CO. v. PHILADELPHIA.

ERROR TO THE COURT OF COMMON PLEAS NO. 2 OF PHILADELPHIA COUNTY.

Argued February 1, 1889—Decided February 11, 1889.

*(a)* By the acts incorporating two distinct passenger railway companies in Philadelphia in 1858-9, the companies were required to keep the streets and avenues occupied in the construction and operation of their several lines "in perpetual good repair" at their own cost and expense.

*(b)* By § 8 of the act of March 8, 1872, P. L. 264, ratifying a consolidation of the companies, it was enacted that "all provisions in the charters of the two companies so consolidated as above recited, not included in this act, are hereby repealed."

1. The title of said act of 1872 being, "An act relating to the Ridge Avenue Passenger Railway Company," it was obnoxious to § 8, article XI., amendment of 1864 to the constitution, providing that "No bill shall be passed by the legislature containing more than one subject, which shall be clearly expressed in the title."

2. Wherefore, the provisions of § 8 of said act did not afford a defence against the city's claim for damages for the failure of said passenger railway company to repair and repave the streets and avenues occupied by its lines, as provided in its incorporating act.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 96 January Term 1889, Sup. Ct.; court below, No. 148 December Term 1887, C. P. No. 2.

On November 16, 1887, the city of Philadelphia brought assumpsit against the Ridge Avenue Passenger Railway Co., and filed a statement claiming the right to recover various

sums of money expended by the plaintiff in 1884, in the repairing and repaving of Ridge avenue, occupied by the defendant company's railway, after notice to the company to do and perform the same. The bills rendered and payment of which was refused amounted to the sum of $1,397.56.

The defendant company filed an affidavit of defence denying liability for the claim sought to be recovered, and averring that the corporation was formed by the union and consolidation of two earlier corporations, and as thus consolidated was re-chartered by the act of March 8, 1872, P. L. 264. The two earlier corporations thus consolidated were the Girard College Passenger Railway Company, incorporated by the act of April 15, 1858, P. L. 300, § 8 of which was similar in its provisions to § 8 of the act of March 28, 1859, hereafter referred to. The Girard College & Manayunk Passenger Railway Company was incorporated by the act of March 28, 1859, P. L. 264, one of the sections of which was as follows:

"Section 8. That said company, in constructing said road, shall conform to the grades now established, or hereafter to be by law established, of the several streets and avenues traversed by said road, and keep said roads and avenues in perpetual good repair, at the proper expense of said company; and shall moreover be subject to all ordinances of the city councils heretofore or hereafter to be passed, regulating city passenger railways."

The act of March 8, 1872, referred to, was entitled, "An Act relating to the Ridge Avenue Passenger Railway Company," and one of its sections was the following:

"Section 8. All provisions in the charters of the two companies so consolidated as above recited, not included in this act, are hereby repealed: Provided always, That any supplements to the said charters, which may have been heretofore granted, shall be and remain in full force and virtue, and enure to the said the Ridge Avenue Passenger Railway Company, consolidated as aforesaid."

On June 4, 1888, the plaintiff entered a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence, an agreement being filed by which all special acts of assembly relating to the said company or com-

panies were to be considered as set out on the record. This rule on November 8th, was made absolute, HARE, P. J., filing the following opinion:

The constitution of Pennsylvania provides as follows: " No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly stated in the title." The question is, does the act of March 8, 1872, ratifying the consolidation of the Girard College Passenger Railway Company and the Ridge Avenue and Manayunk Passenger Railway Company, sin against this rule. If it does not, it is a defence to the city's claim for damages for the failure of the railway company to repair the streets as provided in their charter.

To understand the controversy we must revert to the facts out of which it arose. The Ridge Avenue and Manayunk Passenger Railroad Company was bound by its charter to keep the several streets and avenues traversed by said road in perpetual good repair at the proper expense of the said company, and also, " subject to all ordinances of the city councils heretofore or hereafter to be passed regulating city passenger railways." They entered into an agreement with the Girard College Passenger Railway Company which made both companies one under the title of the Ridge Avenue Passenger Railway Company, and subsequently procured the passage of the act above referred to, ratifying and confirming what they had done. Why it was thought necessary to obtain a legislative confirmation of a union which was valid under the existing laws does not distinctly appear, but one motive probably was a desire to get rid of the obnoxious clause in the charter requiring the company to give the city of Philadelphia something in return for the valuable and exclusive right of using her streets for railway traffic. Whether such was or was not the case, the means taken were singularly well adapted to such an end.

It might be doubtful whether the legislature would put the company beyond municipal control, and release them from the obligation of repairing the highways, which to a great extent, had become their own, and it would be obviously the duty of the select and common councils to protest against the surrender of rights which the citizens whom they represented were inter-

ested in maintaining. A bill disclosing such a purpose would meet with objections and might not become a law. If, on the other hand, the legislature were simply asked to confirm the union of both companies as one body, and the bill was so drawn and so entitled as to indicate that the sole purpose was to assure the union already effected, subject to existing burdens, there presumably would be no opposition from any quarter, because no one outside of the railway company would be correctly informed.

The act was accordingly denominated in the most general terms "An Act relating to the Ridge Avenue Passenger Railway Company;" and, after reciting the consolidation of the companies, as above described, went on to declare that the new body corporate should "have, use, and maintain the railways which were of the said corporation so consolidated as they are now laid, constructed, and used." Rules were then laid down for the government of the company, certain duties imposed and powers conferred, and it was finally declared that "all provisions in the charters of the two companies, so consolidated as above recited, not included in this act, are hereby repealed." The effect was to give the bill a double aspect, on one side relating to the railway company, and releasing them, and on the other, to the city of Philadelphia, and not only depriving her of the needful control provided for when the company was originally chartered, but of the right to require the company to keep the streets in order.

Can such an act be said to have only one subject clearly expressed in the title ? Had it been entitled, " An Act relating to the Ridge Avenue Railway Company and the city of Philadelphia," it might justly have been said to have a single clearly expressed subject, namely, the relations between the two specifically defined bodies; and, had the people of Philadelphia and their representatives at Harrisburg failed to inquire what these relations were, and how they were affected by the repealing clause, it might have been just to regard them as in default, although the notice even then would have been scant in rendering it necessary to examine the charter of the railway company in order to ascertain the truth. But as the matter actually stood, there was nothing to put them on inquiry or suggest the idea that a bill denoting an intention

Opinion of Court below.

simply to regulate the railway, bore hardly on the city.   There is the more reason for such an inference because the policy of the state and city has been to charge passenger railways with the duty of repairing the streets which they use.

As far back as July, 1857, councils provided by an ordinance, which is still in force, that "all passenger railway companies shall be at the entire cost and expense of maintaining, paving, repairing and repaving that may be necessary, upon any road, street, or alley occupied by them." Since then, charters have been granted to twenty-seven passenger railway companies, each containing a provision that the company shall repair the streets, or what comes to the same thing, that they shall be subject to the city ordinances.   This, I believe, is the first instance where the clause imposing the obligation has been repealed, and it cannot reasonably be supposed that the legislature would advisedly have favored this particular company at the expense of the city.   Such a bill is obviously at variance with the purpose of the constitution, which, as defined by the Supreme Court, is, that the title, when read in connection with the body of the act, shall clearly indicate the subject, and still more that it shall not denote a single subject when it really covers two : Union Pass. Ry. Co.'s App, 81* Pa. 91 ; Becker v. Allegheny, 85 Pa. 191 ; Rogers v. The Manufacturer's Improvement Co., 109 Pa. 109, 111 ; Phœnixville Bor. Road, 109 Pa. 44.

In the case last cited, a bill entitled "An Act relating to boroughs in the county of Chester" enumerated various acts, and provided that the same "shall be repealed so far as they relate to the boroughs now incorporated or hereafter to be incorporated in the county of Chester," and that "like proceedings shall be had for the opening, widening and straightening the roads and streets in the said boroughs," and "for the assessment of damages sustained thereby," "as are by law provided," as regards "public roads within the said county of Chester outside of said boroughs." Here the title, read in connection with the enacting clause, disclosed the aim of the bill more fully than in the case before us now.   But the Supreme Court held that since the act not only exonerated the boroughs from the payment of damages, but threw them on the county, it had in effect two subjects, and both should have been denoted in the title with such clearness as to notify the

parties whose interests were injuriously affected. So here, the title should have been so drawn as to warn the citizens of Philadelphia that the bill, if passed, would shift the burden of repairing the streets to their shoulders, and free the railway company from the control of councils. The case of Phœnixville Bor. Road was cited and approved in Sewickley Borough v. Sholes, 118 Pa. 165, and we cannot consistently with these decisions hold the present act constitutional.

Judgment is therefore rendered for the plaintiff in the sum of $1,397.56, being the damages for the failure of the defendants to repair the streets as assessed in the case stated.

Judgment having been entered as directed in favor of the plaintiff, the defendant took this writ, assigning the entry thereof as error.

*Mr. J. Howard Gendell*, for the plaintiff in error:

The rule is that it is not necessary that the title of an act should be a complete index to it. It is sufficient that it fairly give notice of the general subject-matter, so as reasonably to lead to an inquiry into its body: Church St., 54 Pa. 353; Commonwealth v. Green, 58 Pa. 226; Yeager v. Weaver, 64 Pa. 425; Allegheny Co. Home's Case, 77 Pa. 77; State Line etc. R. Co.'s App., 77 Pa. 429; Mauch Chunk v. McGee, 81 Pa. 433; Esling's App., 89 Pa. 205. Other cases are equally as strong; these are given as samples. The decisions elsewhere are in the same spirit: Cooley, Const. Lim., *146. The title of the act is as wide a title as if it were "A supplement to " the original charter, yet such supplements have always been sustained where they relate to matters contained in the acts to which they are supplements: Pottstown Borough, 117 Pa. 538, 546; Allegheny Co. Home's Case, supra; State Line etc. R. Co.'s App., supra; Craig v. Presbyterian Church, 88 Pa. 42. The repeal of a provision in an act of course relates to a matter in that act and is germane to it: Gabbert v. Railroad Co., 11 Ind. 365 (71 Amer. D. 358). In all the cases in which acts have been held void in whole or in part for this reason, the title has been actually misleading: Union Pass. Ry. Co.'s App., 81* Pa. 91; Beckert v. Allegheny, 85 Pa. 191; Dorsey's App., 72 Pa. 192; Sewickley Borough v. Sholes, 118 Pa. 165; Hatfield v. Commonwealth, 120 Pa. 395.

*Mr. Abraham M. Beitler* (with him *Mr. Charles F. Warwick*), for the defendant in error:

Section 8, article XI. of the amendment of 1864 to the constitution of 1838, provided: "No bill shall be passed by the legislature containing more than one subject, which shall be clearly expressed in the title, except appropriation bills." Section 3, article III., of the constitution of 1874, differs only in phraseology. According to the numerous decisions under these constitutional provisions, the title of an act must not only embrace the subject of the legislation, but must also express the same so clearly as to give notice of the legislative purpose to those who may be specially interested therein: Blood v. Mercelliott, 53 Pa. 391; Church St., 54 Pa. 353; Commonwealth v. Green, 58 Pa. 226; Dorsey's App., 72 Pa. 192; Allegheny Co. Home's Case, 77 Pa. 77; Mauch Chunk v. McGee, 81 Pa. 433; Union Pass. Ry. Co.'s App., 81* Pa. 91; Beckert v. Allegheny, 85 Pa. 191; Ruth's App., 10 W. N. 498; Phœnixville Bor. Road, 109 Pa. 44; Pottstown Bor., 117 Pa. 546; Sewickley Bor. v. Sholes, 118 Pa. 169; Rodgers v. Improvement Co., 109 Pa. 109; Hatfield v. Commonwealth, 120 Pa. 395.

PER CURIAM:

The opinion of the learned and able president of the court below is so clear and satisfactory that we adopt it as the opinion of this court, and affirm the judgment for the reasons given by him.

Judgment affirmed.