## ESTHER JONES v. ANDREW COTTEN.

*Habeas Corpus—Custody of Children—Practice—Insanity—*
*Pending Litigation.*

A plaintiff suing for the possession of her children by writ of *habeas*
*corpus* obtained judgment for their recovery, and the defendant
appealed under section 1662 of *The Code.* After the appeal, and
before the hearing in this Court, the plaintiff became insane and
was committed to an asylum: *Held,* the case must be remanded
to the Judge now riding the judicial district in which the case
was tried, to the end that he may take such action as his jurisdic-
tion over minor children confers.

This was a CIVIL ACTION, tried at February Term, 1890,
of CRAVEN Superior Court, by *Womack, J.*

This is a proceeding in which the plaintiff applied for a writ
of *habeas corpus* to obtain possession of three of her minor
children named, alleged to be in the possession of the defend-
ant. The writ was issued and served, and return thereof
made. At the hearing of the matter, the Court gave judg-
ment that the children be delivered to the plaintiff, where-
upon the defendant appealed to this Court, as allowed by the
statute (*The Code,* § 1662) in such cases.

It appears at this term, that since the appeal was taken
the plaintiff has become insane and has been committed to,
and is now in, the appropriate insane asylum. The counsel
for the defendant asks the Court to make such disposition of
the appeal as it may deem appropriate and proper.

No counsel for plaintiff.
*Mr. C. R. Thomas,* for defendant.

MERRIMON, C. J.: We are of opinion that the case must
be remanded to the Judge now riding the second judicial
district, to the end that he shall have and take jurisdiction

of, and take such further action in, the matter as the condition of the children mentioned and the circumstances of the case may warrant and require according to law. Such proceedings and matters are largely summary in their nature, and may be conducted in the sound discretion of the Court in such way as, in view of the varient circumstances of the case, will promote the ends of justice, secure the rights of parties, and afford adequate protection to the children whose custody may be in question. The statute (*The Code*, § 965) contemplates that, with a view to justice, a case may be remanded. The other statute (*The Code*, § 1661) confers upon the Court below very large powers to "promote the interest and welfare of the children." *Holley* v. *Holley*, 96 N. C., 229; *Knott* v. *Taylor*, *id.*, 553.

Remanded.