Com. ex rel. Attorney General v. Samuels et al., Appellants.

*Constitution—Title of act—Act of June 8, 1893—County auditors.*

The object of § 3, article 3, of the constitution of 1874, relating to titles of acts, is that legislators, and others interested, shall receive direct notice in immediate connection with the act itself, of its subject, so that they may know or be put upon inquiry as to its provisions and their effect. Sug-

gestions or inferences which may be drawn from knowledge dehors the language used, are not enough.

The act of June 8, 1893, P. L. 393, entitled " An act creating the office of county controller in counties of this commonwealth containing one hundred and fifty thousand inhabitants and over, prescribing his duties," is defective in its title and unconstitutional, as there is no indication in the title of the purpose and effect of the act to abolish the office of county auditors.

The fact that in article 14, § 1, of the constitution the two offices were placed together in the disjunctive, " auditors or controllers," and that the controllers of Philadelphia and Allegheny perform practically the same duties as auditors in other counties was not sufficient notice that the creation of the office of controller was likely to interfere with, if not to abolish, the office of county auditor.

*Public officers—Abolition of office.*

The powers, authority and jurisdiction of an office are the essence of the office itself, and are inseparable from it.   To take them away totally is to destroy the office.

Argued May 22, 1894.   Appeal, No. 40, July T., 1894, by defendants, from judgment of C. P. Schuylkill Co., May T., 1894, No. 13, on quo warranto.   Before Sterrett, C. J., Green, McCollum, Mitchell and Dean, JJ.   Reversed.

Quo warranto to oust respondents from office of county auditors.   Before Weidman, J.

From the record it appeared that Thomas E. Samuels, Emanuel Jenkyn and John E. Doyle were elected auditors of Schuylkill county on Nov. 7, 1893, for a full term of three years.   The census of 1890 shows Schuylkill county to have a population of 154,163.   The act of June 8, 1893, P. L. 393, has for its title " An act creating the office of county controller in counties containing 150,000 inhabitants and over, and prescribing his duties."   The commissioners' clerk of Schuylkill county petitioned the attorney general to suggest a writ of quo warranto to oust the auditors.   The writ was suggested.   The auditors filed their answer, and the case was heard on petition and answer.   The court rendered judgment against the auditors and ousted them.

*Error assigned* was above order.

*William Wilhelm,* for appellant.—The office of the county

auditor is a county office by express terms of the constitution. It cannot be abolished by an act of legislature : Act of May 1,. 1861, P. L. 450 ; Taggart v. Com., 12 W. N. 466.

The act of June 8, 1893, is special legislation and is forbidden : Act of June 22, 1883, P. L. 139 ; McCarthy v. Com., 110. Pa. 243 ; Morrison v. Bachert, 112 Pa. 328 ; Ayres et al. v. Wheatfield et al., 122 Pa. 266 ; Phila. v. Church, 115 Pa. 291 ; Weinman v. Ry., 118 Pa. 192.

*J. O. Ulrich, W. U. Hensel*, attorney general, with him, for appellee.—The act of June 8, 1893, is constitutional : Wheeler v. Phila., 77 Pa. 338 ; Kilgore v. Magee, 85 Pa. 401 ; Ruan Street, 132 Pa. 257 ; Wyoming Street, 137 Pa. 494 ; Bell v. Allegheny Co., 149 Pa. 383 ; Com. v. Patton, 88 Pa. 258 ; Scowden's Ap., 96 Pa. 422 ; Com. v. Grier, 152 Pa. 176 ; Trust Co. v. Fricke, 152 Pa. 231 ; McKay v. Trainor, 152 Pa. 242 ; Iron Co. v. Township, 81 Pa. 486 ; Perot's Ap., 86 Pa. 335 ; Taggart v. Com., 102 Pa. 364 ; Com. v. Harding, 87 Pa. 343 ; Com. v. Handley, 106 Pa. 245 ; Luzerne Co. v. Glennon, 109 Pa. 564 ; Davis v. Clark, 106 Pa. 385 ; Scranton v. Silkman, 113 Pa. 191 ; Com. v. Reynolds, 137 Pa. 389 ; Rymer v. Luzerne Co., 142 Pa. 113 ; Crawford Co. v. Nash, 99 Pa. 253 ; McCarthy v. Com., 110 Pa. 243 ; Morrison v. Bachert, 112 Pa. 322 ; Scranton City School District's Ap., 113 Pa. 176 ; Perkins v. Phila., 156 Pa. 554 ; Craig v. Church, 88 Pa. 46 ; Com. v. Butler, 99 Pa. 535 ;. Cooley, Const. Lim. 70, 101 ; McNeill's Election, 111 Pa. 235 ; Houseman v. Com., 100 Pa. 222 ; Leonard v. Com., 112 Pa. 607 ; Com. v. Clark, 7 W. & S. 127 ; Allegheny Co. v. Gibson, 90 Pa. 397 ; Perot's Ap., 86 Pa. 335 ; Reid v. Smoulter, 24 W. N. 419.

The general rule is that where two statutes contain repugnant provisions, the one last signed by the governor is a repeal of the one previously signed : Bank v. Com., 26 Pa. 446 ; Shinn v. Com., 3 Grant, 205 ; Com. v. Ry., 53 Pa. 62 ; Com. v. Grier, 152 Pa. 176 ; Endlich, Stats. 188 ; Luddy v. Long Island City, 104 N. Y. 218 ; Johnston's Est., 33 Pa. 511 ; Hickory Tree Road, 43 Pa. 139 ; Com. v. Ry., 53 Pa. 62.

The provisions of the acts of 1893, 1834 and 1881 are inconsistent and incapable of being so construed that all may stand together : Sifred v. Com., 104 Pa. 179 ; Homer v. Com., 106. Pa. 221.

*H. W. Palmer,* for appellant, in reply.—The title of the act gives no intimation of an intention to disturb the office of county auditor in counties where a controller is provided.

By § 15 of the act, practically all the duties and powers of county auditors are conferred on the controller. To abolish the duties of an office is to destroy the office : Com. v. Gamble, 62 Pa. 343.

It is possible that a general act substituting controllers for auditors in all the counties of the state would be within the constitutional power of the general assembly, but such an act should express the purpose in the title : McGee's Ap., 114 Pa. 470 ; Hatfield v. Com., 120 Pa. 395 ; Borough v. Sholes, 118 Pa. 165 ; Phœnixville Road, 109 Pa. 44 ; Rogers v. Im. Co., 109 Pa. 109.

OPINION BY MR. JUSTICE MITCHELL, July 12, 1894 :

The act of June 8, 1893, P. L. 393, while it does not in express terms abolish the office of county auditors in counties having more than one hundred and fifty thousand inhabitants, does so in effect by transferring their duties and powers to a county controller. This is the manifest intent of the act, as gathered from all its provisions, and as especially indicated in section one which directs the election of a controller "in place of county auditor," and section fifteen which expressly directs how the duties theretofore devolved on the county auditors shall thereafter be performed. Such moreover, even without an express legislative intent, would be the result of the act. The powers, authority and jurisdiction of an office are the essence of the office itself, and are inseparable from it. To take them away totally is to destroy the office : Com. v. Gamble, 62 Pa. 343 ; Reid v. Smoulter, 128 Pa. 324.

The title of the act under consideration is, "An act creating the office of county controller in counties of this commonwealth containing one hundred and fifty thousand inhabitants and over, prescribing his duties." In this there is no indication of the purpose and effect of the act to abolish the office of county auditors. So far as appears in the title, the act is merely cumulative, in providing an additional county officer. It is true that the constitution in enumerating county officers, art. 14, sect. 1, puts the two offices together in the disjunctive,

"auditors or controllers," and that those who are familiar with
the duties of controllers as existing in Philadelphia and Alle-
gheny, would know that they are mainly the same as those of
auditors in other counties, and therefore that the creation of
the office of controller was likely to interfere with, if not to
abolish, the other.   But this is not the notice which the con-
stitution requires the title of the act to give of its subject.
The object of that requirement is that legislators, and others
interested, shall receive direct notice in immediate connection
with the act itself, of its subject, so that they may know or be
put upon inquiry as to its provisions and their effect.   Sug-
gestions or inferences which may be drawn from knowledge
dehors the language used, are not enough.   The constitution
requires that the notice shall be contained in the title itself :
Phœnixville Road, 109 Pa. 44 ; Ridge Av. R. W. Co. v. Phila.,
124 Pa. 219 ; Phila. v. Ridge Av. R. W. Co., 142 Pa. 484.

As this defect in the title is decisive of the unconstitution-
ality of the entire act, it is not necessary to discuss the other
objections raised to it.

·Judgment reversed.