## John A. Bell, Appellant, *v.* County of Allegheny.

*Res adjudicata—Judgment.*

A judgment in a proper court, upon the facts contained in the record, puts an end to all further litigation, not only as to the particular claim then before the court, but also as to all claims on account of the same subject-matter.

Where the court has decided in an action by an official to recover salary for certain months of his term of office that his salary is payable at a certain rate, the question cannot be reopened in a subsequent action brought by him to recover salary for certain later months of the same term; although facts are alleged in the later case which did not appear in the former case, and which might show a good cause of action, but for the former adjudication.

*Res adjudicata—Judgment—Public officers—County treasurer of Allegheny county—Salary—Acts of May 1, 1861—March 11, 1870—March 31, 1876—June 13, 1883.*

The case of Bell v. Allegheny County, 149 Pa. 381, which decided that as the county treasurer of Allegheny county was compensated solely by a salary, he was entitled only to the salary fixed by the local Act of May 1, 1861, P. L. 450, and not to the larger salary fixed by the general Act of March 31, 1876, P. L. 13, and its supplement of June 13, 1883, P. L. 113, is res adjudicata as to a claim for the increased salary for subsequent months of the same official term, although in the suit to establish such claim there is evidence that the treasurer was compensated not only by salary but by fees: Philadelphia v. Ry. Co., 142 Pa. 484, distinguished.

*Public officers—Treasurer of Allegheny county—Fees—Salary—Acts of April 3, 1872 and March 31, 1876.*

It seems that the fee of $1.00 allowed to the treasurer of Allegheny county by the local liquor Act of April 3, 1872, P. L. 843, section 20, for furnishing blank bonds to licensees, is not a compensation for services, but is merely to reimburse him for money laid out in procuring the printed blank bonds, and it does not render the office of said treasurer one partly paid by salary and partly by fees within the meaning of the Act of March 31, 1876, P. L. 13.

Argued Nov. 8, 1897. Appeal, No. 181, Oct. T., 1897, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., March Term, 1897, No. 196½, for defendant on demurrer. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Demurrer to statement in assumpsit.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was in entering judgment for defendant on demurrer.

*D. T. Watson,* with him *John F. Sanderson,* for appellant.— When it appears that at the time of the adoption of the constitution and the passage of the act of 1876, the officer was paid a salary merely, the case is governed by the pre-existing special laws: Bell v. Allegheny County, 149 Pa. 381; Allegheny County v. Grier, 179 Pa. 640.

When it appears that the officer was then entitled to fees as well as salary, the case is governed by the act of 1876 and its supplements: Com. v. Grier, 152 Pa. 176; McCleary v. Alle-

gheny Co., 163 Pa. 578; Von Bonnhorst v. Allegheny County, 163 Pa. 588; McGunnegle v. Allegheny Co., 163 Pa. 589.

If it be assumed that the cause of action is the same, and that it has been adjudged upon the demurrer in the first case, yet the judgment is not conclusive, because the estoppel goes to the very point decided upon the facts stated in the first declaration, and will not control, if the second declaration is materially different in averment, as the declaration in the present case is: Gould v. Evansville, etc., R. R., 91 U. S. 526; Rex v. Kingston, 20 State Trials, 588; Hitchin v. Campbell, 2 W. Bl. 831; Clearwater v. Meredith, 1 Wall. 43; Gould on Plead. sec. 42; Ricardo v. Garcias, 12 Cl. & Fin. 400; Aurora City v. West, 7 Wall. 90; Gilman v. Rives, 10 Pet. 298; Richardson v. City of Boston, 24 How. 188.

Where the judgment in the former action is upon demurrer to the declaration the estoppel extends only to the exact point raised by the pleadings or decided, and does not operate as a bar to a second suit for other branches of the same covenants, although if the judgment be upon pleadings and proofs, the estoppel extends not only to what was decided, but to all that was necessarily involved in the issue: Wash., Alexandria & Georgetown Steam Packet Co. v. Sickles, 24 How. 333; Gould v. Evansville, etc., R. R., 91 U. S. 526; Boyd v. Alabama, 94 U. S. 645; Russell v. Place, 94 U. S. 606; Morrell v. Morgan, 65 Cal. 575; Wiggins Ferry Co. v. O. & M. Ry., 142 U. S. 410; Philadelphia v. Ry. Co., 142 Pa. 484.

*N. S. Williams,* county solicitor, for appellee.—It is conceded that all local or special laws in the county of Allegheny, allowing both salary and fees to any county officer, have been repealed, and that such an officer is now payable by a fixed salary, to be determined by the act of March 31, 1876, and its several supplements, said act of March 31, 1876, being entitled "An act to carry into effect section 5, article 14, of the constitution, relative to salaries of the county officers, and the payment of fees received by them into the state or county treasury, in counties containing over 150,000 inhabitants," and this by virtue of the several decisions of this Court in the following cases, namely: Com. v. Grier, 152 Pa. 176; McCleary v. Allegheny County, 163 Pa. 587; Von Bonnhorst v. Allegheny County, 163 Pa. 588,

McGunnegle v. Allegheny County, 163 Pa. 589; Allegheny County v. Grier, 179 Pa. 639; Edwards v. Allegheny County, 181 Pa. 216.

It is, however, submitted that in the present case the compensation of Mr. John A. Bell, as treasurer of the county of Allegheny, from the first Monday of January, 1891, to the first Monday of January, 1894, was fixed by the local Act of 1861, P. L. 456, and its supplement, and not by the act of March 31, 1876, or any of its supplements: Bell v. County of Allegheny, 149 Pa. 381.

In the several subsequent cases, after the Bell case, this Court maintains the judgment rendered in that case, and expressly holds that the compensation of the present plaintiff as treasurer of Allegheny county was fixed by the special acts.

And it is further submitted that as a matter of law it is now too late for this court to open, modify or change the judgment entered in that case, more than five years having elapsed since the rendition of the original judgment: Freeman on Judgments, sec. 96.

OPINION BY MR. JUSTICE DEAN, January 3, 1898:

John A. Bell was elected county treasurer of Allegheny county in November, 1890, for the term of three years. He assumed the duties of the office the first Monday of January, 1891, and served out his term. By the census of 1890, the population of the county was 551,959. The plaintiff claimed that his salary, in a county of this population, by the Act of March 31, 1876, P. L. 13, and the Supplement of June 13, 1883, P. L. 113, was fixed at $10,000 per year. The defendant contended that his salary was fixed by a Special Act relating to Allegheny county, of May 1, 1861, P. L. 450, and by a Supplement of March 11, 1870, P. L. 373, at $4,500 per year. The plaintiff filed statement of his demand, which was for the last nine quarters of his salary for the term, the first three quarters having been demanded in another suit. The amount claimed for the last nine quarters was $22,500, being at the rate of $10,000 per year. Suit was brought January 2, 1897. On September 22, 1897, the county filed a demurrer to the claim, denying plaintiff's right in law to recover the amount demanded. The court below sustained the demurrer and entered judgment

for defendant, saying: " We regard the questions raised by the
demurrer as having been settled by the case of Bell v. The
County of Allegheny, 149 Pa. 381, and the orders made therein
by the Supreme Court."

What was settled by the case cited? This same officer, claim-
ing his salary was fixed at $10,000 by the general acts of 1876
and 1883, brought suit against the county for the first three
quarters of the same term, for which he now claims the remain-
ing nine quarters. Demurrer was filed, averring the same ob-
stacles to recovery as now, the special acts of 1861 and 1870
fixing the salary of the county treasurer of Allegheny county
at $4,500. Then, the court below was of opinion that the spe-
cial statutes were repugnant to the general law, and were re-
pealed by it. The demurrer was overruled and judgment entered
for plaintiff. The county appealed to this Court. In an opin-
ion rendered by Justice HEYDRICK we reversed the judgment,
for the reason that there was no such repugnancy between the
local and general statutes, so far as related to the county treas-
urer, as repealed by implication the former. Both statutes
established fixed salaries for county officers, among them the
county treasurer; and it was said, " The mandate of section
5, article 14, of the constitution, that the compensation of county
officers shall be regulated by law was satisfied, in respect to
the treasurer of Allegheny county, by the special act of 1861
and its supplement; and so far as that officer was concerned,
the legislature was not bound to act, and therefore cannot be
presumed, contrary to the well known canons of construction,
to have intended to act." That is, by the act of 1861 and its
supplement, the county treasurer was compensated by a fixed
salary; that was all that was intended by the constitution and
act of 1876, viz: to compensate all officers in counties of a cer-
tain class, of which Allegheny county was one, by fixed sal-
aries. Bell, in his statement in that case, averred that his office
was a county office, to be compensated by a fixed salary, but,
that the salary was fixed by the general, and not by the special
act. The demurrer filed admitted the facts, but not the legal
conclusion. The facts being established, the legal conclusion
from them, by this Court, was that he was entitled to a salary
of $4,500 per year, under the special acts, and judgment was
finally ordered to be so entered. The opinion in Bell v. Alle-

gheny County, was handed down May 23, 1892; on October 3, 1894, the opinions in McCleary, Von Bonnhorst and McGunnegle v. Allegheny County, 163 Pa. 578, 588 and 589, were handed down, deciding that these officers came under the provisions of the general act of 1876, because, under the local acts, they were compensated by part salary and in part by fees; that as the intent of the general act was to compensate these officers, solely, by a fixed salary, and to compel the payment of all fees into the county treasury, there was an irreconcilable repugnancy between the two acts, and the local act must go down, in face of the general act passed in obedience to a constitutional mandate. Mr. Bell, the plaintiff, then discovered that in addition to the fixed salary of $4,500 he was compensated by a fee under a local liquor act of April 3, 1872, the twentieth section of which reads as follows : " The county treasurer of Allegheny county is hereby required to perform all the duties imposed upon him by the provisions of this act, and to furnish the licensee with printed bonds to be filled up by them as required by this act. The blank bonds to be furnished at the expense of the said county treasurer, who shall receive therefor a fee of one dollar." We do not think this provision directs payment of a fee as compensation for services.   The primary intent of the act, evidently, was to promote uniformity in the framing of the bond, by directing the blanks to be prepared and issued by a particular officer. The act would have expressed the same intent had it directed that the bonds should be furnished by the county treasurer at the actual cost thereof, to be paid by the licensees, or, that they should be furnished by the county treasurer at an expense to the licensees not exceeding $1.00.   The obvious intent was, not to compensate the treasurer, but to reimburse him for money laid out in procuring the printed blank bonds.   He may have a profit or may not, depending on the quantity of printed matter, the style of printing, the quality of paper and printer's charges.   If he have a profit, that was not, apparently, the purpose of the act; its purpose was to reimburse him for the expense, which is not the less plain because the word " fee " is used.   But, whatever construction is placed on this act, we do not base our judgment upon it.   We prefer to decide the case on the main question: Is the judgment in Bell v. Allegheny County, supra, res adjudicata?   Is the issue in this case settled

by the judgment in that case? To warrant that judgment it must have been adjudged, that, under the local acts, the county treasurer was compensated solely by a salary; if the fact were that "the compensation was partly by fees and partly by salary," we were bound to render a judgment for plaintiff under the act of 1876. How can it then be argued that the fact now urged, if it existed, was not passed on?

It is urged that the fact of the act of 1872 was not noticed, and appeared neither in the pleadings nor argument; concede it; the fact that the office was salaried under the local act at $4,500 clearly appeared; as no fact of compensation by fee was either pleaded or argued, legally, and so far as affects the judgment, no such fact existed, and that is an inevitable inference from the judgment. The court, then further adjudged, that, as the officer was compensated exclusively by salary, his compensation was not affected by the general act. And that case settled this, because the cause of action, the point on which the contention turned, and the parties, are the same. The cause of action in the first case was the right of plaintiff to demand, either a yearly salary of $4,500 or $10,000, and the obligation of defendant to pay one or the other: the contention was, which amount was allowed by law? And this is precisely the controversy between the parties before us. That additional or cumulative evidence is presented of a fact necessarily adjudicated in the former case, or that the demand is for compensation as to subsequent months of the same official term, leaves it still the same cause of action, to be adjudicated on the same statutes and the same facts, though, as to the last, not the same evidence. If the fact was necessarily determined it is a bar: Holley v. Holley, 96 N. C. 229; Harryman v. Roberts, 52 Md. 74. In Wilson v. Deen, 121 U. S. 525, the action was by the landlord on a lease for a term, the rent payable monthly. The defendant had guaranteed the payment of the rent. In an action against him for the first month he defeated a recovery on evidence that the lease was obtained fraudulently. In another action against him for the rent of subsequent months, it was held that the first judgment was a bar to recovery, Justice FIELD saying: "It (the first judgment) determined, not merely for that case, but for all cases between the same parties, not only that there was nothing due for the month of December, but that the lease

itself was procured by fraud." The matter in controversy was the lease; making separate demands and instituting separate suits for the monthly instalments as they fell due did not change the one cause of action, the written instrument, on which depended the right of plaintiff and obligation of defendant; that being settled by the first judgment, the defendant could not be harassed with suits for the subsequent monthly instalments. In Kilheffer v. Herr, 17 S. & R., 319, an action on the case for continuance of a nuisance, it appeared from a record offered in evidence by plaintiff that ten years before there had been a suit between the same parties, the same pleas, and concerning the same controverted matter, in which the plaintiff obtained judgment; the defendant's plea on the second trial, among others, was a license from plaintiff for the erection of the dam or nuisance complained of, which antedated the first suit. At the second trial, he had new and significant evidence tending to show that he had not exceeded in the height of his dam, the scope of his license. This Court says:

"The first question which presents itself is the conclusiveness of the record of the verdict in the first suit; and on this part of the case the court entertain no doubt. A verdict for the same cause of action between the same parties is conclusive; for when a court of competent jurisdiction has adjudicated directly upon a particular matter, the same point is not open to inquiry in a subsequent suit for the same cause, and between the same parties. It may be a great misfortune, as in this case, that from causes over which he had no control the party may not have been properly prepared for trial. It is, however, a misfortune which this Court cannot remedy, as the rule is settled on the principle that there must be an end of litigation, and to provide against the loss of testimony; and as the defendant had an opportunity of showing the truth of the fact, he shall not afterwards be permitted to contradict a record to which he is a party. He is estopped to deny that which has been solemnly ruled against him. We shall, therefore, take it as settled that the erection of the dam complained of in the first suit is not open to inquiry in an action for the continuance of the nuisance. All the plaintiff was bound to do was to give in evidence the former recovery, to prove that the dam had undergone no alteration, but continued the same, and his right of action was complete."

To the same effect is Long v. Long, 5 W. 102, also a second action for continuance of a nuisance. Philadelphia v. Railway Co., 142 Pa. 493, cited, and so confidently relied on by appellant, has no application to the case in hand. There, under the act of 1859, the railway company was required to pay to the city six per cent of its dividends whenever its dividends exceeded six per cent of its capital stock; afterwards, by act of 1872, the amount of tax was lessened by requiring the company to pay only six per cent of the dividends in excess of six per cent on its capital stock. The company defaulted in payment under the second act for the years 1872 to 1879 inclusive, and the city brought suit for the taxes of those years, under the act of 1872. The company admitted its liability under the act, but contended that a proper construction of it made it answerable only when any single declared dividend exceeded six per cent of its capital stock; the city contended that under such construction the city might derive no revenue, and the manifest intent of the act would be defeated; on this question the case came before this Court, and it was decided that the company's liability was to be determined, not by the single dividends, but by the aggregate of the annual dividends. This was all that was adjudicated. The constitutionality of the act was not questioned. See Philadelphia v. Railway Co., 102 Pa. 190, decided in 1883. Afterwards, in 1889, see 124 Pa. 219, in a contention between the city and railway company, as to the obligation of the latter to pave streets, this Court declared the act of 1872 unconstitutional and void. Then the city brought suit for the taxes of the years 1880 to 1883 inclusive, computing them, not under the act of 1872, but under the act of 1859, which imposed the higher rate. The company defended on the ground that in Philadelphia v. Railway Co., 102 Pa. 190, supra, the city having brought suit under the act of 1872, and this Court having adjudged and determined the construction of that act in the city's favor, the whole matter was res adjudicata, and the city's demand must be determined by the act of 1872. This Court said, no; that while that suit settled the taxes for the years preceding the act of 1872, under which act the suit was brought, notwithstanding its unconstitutionality, yet the city was not barred by that judgment from alleging the unconstitutionality of the act as to the taxes of subsequent years. Nor, could there

well have been any other decision. After the act of 1872, in another suit, had been declared unconstitutional in 124 Pa. 219, in a legal sense, there was no such act in existence; the right of plaintiff and the obligation of defendant were wholly statutory; and the only valid statute establishing both was that of 1859. And, while the validity of the act of 1872 was impliedly admitted by both parties and assumed by the court in the first suit, and a judgment entered by virtue of it which bound all parties in that subject of contention, yet after it was declared void, it bound not the parties as to their future conduct, nor the courts, as an adjudication in demands maturing subsequently. If, in this case, the local salary act of 1861 had been declared unconstitutional after the decision in Bell v. Allegheny County, supra, the appellant might forcibly argue that the only act having a legal existence fixing his salary is that of 1876 ; and to sustain this position, Philadelphia v. Railway Co., might be pointedly cited. But the law impelling the court to the decision in Bell v. Allegheny County, has not been one whit changed since that decision was rendered. The point made by appellant, that Philadelphia v. Railway Co. sustains his position that his present suit is for a different cause of action than the first, as we have before noticed, is not sound. The first action proceeded on the assumption that the act of 1872 was constitutional, the second, that it had no existence, and the city's claim was fixed by act of 1859 ; the unconstitutionality of the act gave rise to a new cause of action, that fixed by the first act, six per cent of the six per cent dividends declared, instead of six per cent of dividends in excess of six per cent. If the act of 1872 had been valid the first judgment would have barred the city from any other or greater demand than was asserted in that case, because the right of the city and obligation of the defendant would have been precisely the same ; but, wiping that act from the statute book changed the cause of action, as to the succeeding years, to one based on an entirely different statute and, of course, the judgment was no adjudication of this demand.

The suggestion of the hardship resulting from an insufficient compensation to a competent officer performing such onerous and responsible duties as are imposed upon the county treasurer of the second most populous county of the state is without

weight. No man is compelled to accept the office at an insufficient salary. If he do accept, he then voluntarily undergoes the hardship. If competent men decline the office because of the meager salary, and it falls into the hands of the incompetent, the people can easily cure the evil by moving the legislature to repeal the local statute, which would at once raise the salary to $10,000.

The language of this Court in Marsh v. Pier, 4 Rawle, 273, on the rule of res adjudicata, is forcible, in view of the character of this litigation: " A judgment of a proper court, being a sentence or conclusion of the law, upon the facts contained within the record, puts àn end to all further litigation on account of the same subject-matter, and becomes the law of the case, which cannot be changed or altered, even by the consent of the parties, and is not only binding upon them, but upon the courts and juries, even afterwards, as long as it shall remain in force and unreversed." And in the same case : " A contrary doctrine, as it seems to me, subjects the public peace and quiet to the will or neglect of individuals, and prefers the gratification of a litigious disposition on the part of suitors, to the preservation of the public tranquillity and happiness."

All the assignments of error are overruled, and the judgment is affirmed.