Assigned Estate of Leidich & Birnie.   Irvine's Appeal.
Leidich's Appeal.

|161  451|
|171  327|
|161  451|
|200  193|

*Landlord and tenant—Execution—Rent—Notice- Assignment for benefit of creditors—Sheriff—Assignee—Agent—Act of June 16, 1836.*

An agreement between an assignee for the benefit of creditors, the execution creditors and the sheriff, that the assignee shall sell the property levied upon, and turn over the proceeds to the sheriff, is a proper agreement, and does not destroy the priority of the liens of the execution creditors.

In such a case the assignee becomes the agent of the sheriff, and notice upon him by the landlord of the assignor, under the act of June 16, 1836, P. L. 777, is equivalent to a notice to the sheriff.

If the assignee agrees to protect the landlord " to the same extent as he could be protected by a landlord's warrant," the landlord can be preferred only to the extent of one year's rent.

Argued April 25, 1894.  Appeals, No. 346, Jan. T., 1894,

and No. 44, July T., 1894, by A. P. Leidich and S. M. Leidich, individually, and as trustees of M. G. Leidich, and by John Irvine, from decree of C. P. Cumberland Co., Nov. T., 1889, No. 85, dismissing exceptions to report of auditor appointed to distribute the assigned estate of D. J. Leidich and Upton Birnie, trading as Leidich & Birnie. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to report of E. B. Watts, Esq., auditor.

The following opinion was filed by SADLER, P. J.:

" Leidich & Birnie were engaged in the dry goods business in the borough of Carlisle for some years prior to Feb. 10, 1888. They occupied as tenants a storeroom belonging to John Irvine, Esq. On the day and year aforesaid a judgment was recovered against the defendants for $16,390, and an execution issued thereon, and the stock of merchandise belonging to the said firm levied upon. On two other judgments recovered on the same day writs of fieri facias were also issued and levies made.

" An assignment was then made by the firm aforesaid for the benefit of creditors. The annual rent of the storeroom was $650, and there was due Mr. Irvine on the day the executions issued a balance of $1,006.64. The assignees, the execution creditors and the sheriff entered into an agreement by which it was provided that the assignees should sell the property levied upon and turn over the proceeds to the sheriff.

" Mr. Irvine was not a party to this arrangement, nor does it appear that he had made any claim to the sheriff for rent under the act of 1836.

" The assignees agreed with Mr. Irvine that they 'would protect him to the same extent as he could be protected by a landlord's warrant.' The auditor came to the conclusion that the arrangement between the sheriff, the execution creditors and the assignees was, 'in so far as the landlord was concerned, a stay of proceedings upon the executions, and placed the landlord in a position to distrain for all the rent.'

" There was no finding that the arrangement aforesaid was done to hinder, delay or defraud creditors. It does not appear to have even been contended before him that the utmost good faith was not intended. The manifest desire of the parties was

to dispose of the property levied upon to the best advantage and realize from it the largest sum possible. That this was a lawful and proper agreement and did not release the lien as to subsequent execution or other creditors, has been settled in Kent, Santee & Co.'s Ap., 87 Pa. 165, and other cases.

" As a matter of course, under the act of June 16, 1836, P. L. 777, the landlord could have notified the sheriff of his claim for rent, and the execution then could not be stayed without his consent in writing, but he did not give such notice nor was there any stay of the execution.

" The assignees became the agents of the sheriff to sell the property taken in execution, but the lien of the levy remained. The property was not the subject of distress for rent. The landlord could be preferred to the extent of one year's rent by giving notice to the sheriff or his agents before the sale, but to no greater extent. The goods not being the subject of distress, the assignees could not interfere with the rights of the execution creditors by promising to pay Mr. Irvine a greater sum of rent than accrued in one year. They stood in the place of the sheriff as to the disposition of the property levied upon. It was held in Osborne's Estate, 5 Wharton, p. 266, that the promise of assignees to secure a landlord for rent, ' if he would waive his right to distrain and permit the removal of the goods,' was valid and binding. But that case is not analogous to the one under consideration. The goods had not been seized in execution. The landlord was free to issue his warrant and distrain the property. To induce him to refrain, the agreement was made and properly enforced. In Work's Appeal, 92 Pa. 258, there was a stay of the writ by the plaintiff and possession given to the defendant to sell the goods levied upon. The sheriff received no part of the proceeds of sale except the costs on the suit. He treated the directions given him by the plaintiff in the execution as a stay of the writ and so acted.

" We are well satisfied that in the present case the landlord cannot take more than one year's rent out of the proceeds of the sale.

" Can he take this sum ? His right to do so is denied by the execution creditors on the ground that he made no demand upon the sheriff. But the sheriff had delegated the sale of the goods to the assignees. They acted for him. They were in effect his

deputies or agents. Notice to them would be as effective as a notice to him. Mr. Irvine evidently did make a demand upon them for the rent due him, and acquainted them with the amount of his claim. They paid him two hundred dollars on account of the same. They promised to protect him as to the balance to the same extent that he could be by a landlord's warrant. The fact that he demanded more than the rent for one year did not debar him from recovering what he was entitled to under the act of assembly. The goods in the hands of the sheriff or his representatives were liable first to the payment of one year's rental, and this amount must be appropriated to the landlord out of the proceeds realized from the sale thereof."

*Errors assigned* by A. M. Leidich, appellant, were dismissing their exceptions, and allowing landlord any rent whatever.

*Error assigned* by John Irvine, appellant, was decree of court, modifying auditor's report.

*S. M. Leidich*, for A. M. Leidich et al., cited : Act of June 16, 1836, P. L. 777 ; Ege v. Ege, 5 Watts, 134; Works's Ap., 92 Pa. 258; Kent, Santee & Co.'s Ap., 87 Pa. 165 ; Borlin v. Com., 110 Pa. 454; Clifford v. Beems, 3 Watts, 246 ; Beltzhoover v. Waltman, 1 W. & S. 416 ; Shaw v. Oakley, 7 Phila. 89 ; Greider's Ap., 5 Pa. 422.

*John Hays*, for John Irvine, appellant, cited : Act of June 16, 1836, § 16, P. L. 777 ; Missimer v. Ebersole, 87 Pa. 109 ; Ritter v. Brendlinger, 58 Pa. 68 ; Kent, Santee & Co.'s Ap., 87 Pa. 165 ; Works's Ap., 92 Pa. 258; Osborne's Est., 5 Whart. 267 ; Frank's Ap., 59 Pa. 190.

## LEIDICH'S APPEAL.

PER CURIAM, May 7, 1894:

All the facts necessary to a proper understanding of this contention will be found in the opinion of the court below. The only question is whether John Irvine, the landlord, is entitled to participate in the fund for distribution, and if so, to what extent. The court held that he was entitled to participate to the extent of one year's rent. In that, we think there

was no error, and the decree should be affirmed for reasons given at length in said opinion.

Decree affirmed and appeal dismissed with costs to be paid by appellants.

### IRVINE'S APPEAL.

PER CURIAM, May 7, 1894:

Neither of the specifications of error can be sustained. The correctness of the decree is amply vindicated in the opinion of the learned president of the common pleas, and for reasons there given the appeal should be dismissed.

Decree affirmed and appeal dismissed with costs to be paid by appellant.