## Commonwealth ex rel. Attorney General *v.* B. R. Severn, Appellant.

*Constitutional law—County controllers and auditors—Title of act—Act of June* 8, 1893.

The act of June 8, 1893, P. L. 393, entitled " An act creating the office of county controller in counties containing one hundred and fifty thousand inhabitants and over, and prescribing his duties," is defective in title and unconstitutional, as there is no indication in the title of the purpose and effect of the act to abolish the office of the county auditor, as is done in the body of the act by providing for the election of a controller in place of county auditor. Com. v. Samuels, 163 Pa. 283, followed.

Argued Oct. 10, 1894. Appeal, No. 31, Jan. T., 1894, by defendant, from judgment of C. P. Schuykill Co., Sept. T., 1894, No. 147, on writ of quo warranto. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Quo warranto. Before PERSHING, P. J.

From the record it appeared that B. R. Severn was elected county controller of Schuylkill county on Nov. 7, 1893, for a term of three years, from Jan. 1, 1894, by virtue of the act of June 8, 1893, P. L. 393, entitled " An act creating the office of county controller in counties containing 150,000 inhabitants and over, and prescribing his duties."

On the ground that this act was unconstitutional the clerk of the county commissioners of Schuylkill county petitioned the attorney general to suggest a writ of quo warranto to oust the controller. The writ was suggested and granted. The controller filed his answer. A demurrer was filed and defendant filed a joinder. The case was argued on demurrer and joinder. The court entered judgment of ouster against defendant.

*Error assigned* was entry of judgment of ouster.

*W. D. Seltzer, W. J. Whitehouse* with him, for appellant, cited: R. R. v. Phila., 124 Pa. 219; Phila. v. R. R., 142 Pa. 484; Com. v. Green, 58 Pa. 234; Com. v. Kunzmann, 41 Pa. 429;

Cooley's Const. Lim. 178; Craig v. Church, 88 Pa. 46; Boro. v. McGee, 3 W. N. 33; Dorsey's Ap., 72 Pa. 192; Bechert v. Allegheny, 85 Pa. 191; Dewhurst v. Allegheny, 95 Pa. 437; Smith v. McCarty, 56 Pa. 539; Allegheny Co. Home's Case, 77 Pa. 77; Lea v. Bumm, 83 Pa. 237; Wynkoop v. Cooch, 89 Pa. 450.

*J. O. Ulrich,* for appellee, not heard, filed no brief.

PER CURIAM, Oct. 22, 1894:

This case is ruled against the defendant by Com. ex rel. v. Samuels et al., [163 Pa. 283,] in which an opinion by our Brother MITCHELL was filed on July 12th, last, holding that, by reason of its defective title, the act of June 8, 1893, P. L. 393, under which defendant in this case claims title, was unconstitutional.

While the defendant, by taking this appeal, has availed himself of a re-argument of the constitutional question disposed of in the case above cited, we are very far from seeing our way clear to do anything else than adhere to the principle announced in that case. It therefore follows that there is no error in the judgment of the court below.

Judgment affirmed.