————o————

No. 4177.

(Court of Appeal, Parish of Orleans.)

## NEW ORLEANS EXPORT COMPANY, LTD., vs. PICKENS COTTON OIL CO.

The requirements of the law that plaintiff in order to obtain an attachment against a non-resident must swear that the "debt is due" is satisfied when the affidavit recites that the plaintiff

319

has suffered a fixed loss resulting from the non-execution of a contract.

Appeal from Civil District Court, Division "B."

Merrick, Lewis, Gensler & Schwarz, for Plaintiff and Appellant.

Meyer S. Dreifus, for Defendant and Appellee.

ESTOPINAL, J. The plaintiff, a corporation domiciled and doing business in this city and State, avers that the defendant, a corporation created by the laws of Mississippi and doing business in that State, is indebted unto it in the sum of four hundred and two ($402.00); that on Jan. 20 and 27 the defendant company shipped it 100 long tons of cotton seed meal; that on the arrival of the meal, plaintiff paid the sight drafts annexed to the bills of lading one amounting to $1874.50 and another amounting to $1021.28 or a total of $2895.78; that the meal was defective as is shown by the certificate of inspection of the New Orleans Board of Trade, Ltd., that on Jany. 31, 1906, they telephoned the defendant company and informed them that the meal was defective, and that Mr. Braggatt, the secretary of the defendant company agreed to make good plaintiff's loss if plaintiff shipped the meal to Europe, and defendant at no time denied or disputed the agreement to make good plaintiff's loss; that it, plaintiff, sold the said meal and sustained a loss of $402.00 in actual money, without counting prospective profits.

Plaintiff prayed for a writ of attachment. Defendant moved for the dissolution of the attachment on the ground that the affidavit annexed to the writ is not full and complete and does not comply with the statute; that the debt is not certain; that the action is premature and plaintiff's petition discloses no cause of action. Defendant having filed no answer the allegations of plaintiff's petition must be taken as true and the issue herein decided upon the face of the papers.

Plaintiff's petition recites that he has sustained a loss in actual money of $402.00 and that the defendant has agreed to make good that loss.

The defendant's proposition that plaintiff ship the meal to Europe was a suggestion not agreed to by plaintiff. The aver-

ments of the petition must be taken as true under the pleadings founds in this record. The debt here became due the moment the loss was sustained and was not conditional upon shipment to Europe. Article 243 of the Code Practice prescribes the manner of making affidavits when the debt is due. It reads as follows, to-wit:

"A creditor wishing to have the property of his debtor attached must demand it in a petition presented to a competent judge, and to obtain the issuance of such attachment it shall be sufficient for the creditor to swear to the evidence of the debt demanded by him and that he resides out of the State."

Under our view of the case it is useless to pursue the discussion any further. It is not neecssary for us to ascertain whether or not the attachment herein is valid even though the debt be not due. The alllegations of plaintiff's petition are in strict conformity with the statute and defendant's indebtedness is set forth with sufficient certainty, and though the word "due" is not used, the language and substance of the petition clearly intend to convcy that the debt is due. The affidavit recites that "all the allegations of the petition are true." That is sufficient 29 A. 89, 27 A. 105, 30 A. 395.

No effort has been made .by plaintiff in rule to dissolve, to to prove the falsity of plaintiff's petition. Some proof must be made by the defendant in order to throw the burden of proving their verity on the plaintiff. 15 A. 425, 30 A. 393, 46 A. 1342.

For the reasons assigned it is ordered and decreed that the judgment appealed from be and it is hereby reversed and set aside and the case remanded to the District Court to be proceed with according to law. Costs of Appeal to be taxed to defendant, costs of lower Court to await final decision.

Remanded.